STATE ex rel. Scott O. WRIGHT, Prosecuting Attorney of Boone County, Missouri, Relator-Appellant,

v.

J. L. MacDONALD, Defendant-Respondent.

No. 22978.

Kansas City Court of Appeals.

Missouri.

Dec. 7, 1959.

Carl F. Sapp, Orr & Sapp, Columbia, for respondent.

SPERRY, Commissioner.

This appeal grows out of a proceeding originating in Boone County, wherein the State charged that J. L. MacDonald, defendant, is a person suffering from a mental disorder, with criminal propensities to the commission of sex offenses, as defined in Section 202.700, V.A.M.S. Upon a trial to the Court the petition was dismissed and the defendant was discharged. Plaintiff appeals.

■ The petition was filed and proceedings were had pursuant to the provisions of Sections 202.710 and 202.720, V.A.M.S. Under the latter section, upon a trial, if *prima facie* proof of the criminal propensities of a defendant to commit sex offenses is not made, it is the duty of the Court to dismiss the petition. Our review of the evidence will be with the purpose of determining whether it constituted *prima facie* proof of the charge. This being a court tried case, we will give due deference to the opportunity of the trial court to see and hear the witnesses, and to adjudge their credibility and the weight to be given to the testimony. We will not disturb the judgment unless it is clearly erroneous.

Defendant was employed at house work. He was charged with having feloniously assaulted a cook. The Prosecuting Attorney filed the instant action in the Court where the assault charge was pending. The Court ordered that this petition be treated as though filed in the assault case. After trial on this petition, resulting in dismissal, defendant moved to proceed to trial on the assault case. Plaintiff sought to prohibit the Court from proceeding further, pending a decision of this cause on appeal. The Supreme Court denied the Writ and defendant pleaded guilty to the assault charge. He was sentenced to a jail term of six months and has served the sentence.

■ Defendant has filed no brief in this case but has filed a motion to dismiss the appeal, alleging several reasons therefor. One is that, because the assault case has been finally disposed of, the instant case is moot. The petition herein was filed on the authority of subd. 1 of Section 202.710, supra, which authorized the Prosecuting Attorney to so file "when any person is charged with a criminal offense and it shall appear to the prosecuting * * * attorney * * * that such person is a criminal sexual psychopath * * *." Concededly, the *first* condition necessary to the filing of this petition existed, that is, defendant was under a criminal charge. There were also facts and circumstances in existence which might reasonably have made it "*appear*" to the Prosecuting Attorney that defendant is a criminal sexual

psychopath, within the meaning of the statute. Therefore, legal grounds for the filing of the petition existed and the Court acquired jurisdiction to determine the matter. Section 202.750 provides that nothing contained in Sections 202.700 to 202.770 shall be construed as changing in meaning any portion of the criminal code, nor shall a finding of criminal sexual psychopathy constitute a defense in any criminal action.

The Prosecuting Attorney might also have filed under the authority of subd. 2 of Sec. 202.710, upon proper information furnished to him by "any reputable person."

■ In State ex rel. Sweezer v. Green, 360 Mo. 1249, 232 S.W.2d 897, 24 A.L.R.2d 340, it was held that this act is civil in character; that it is curative and remedial, not criminal or punitive. We cannot hold that a case of this character becomes moot when a defendant is convicted of the criminal offense with which he stood charged when the petition was filed. The pendency of some criminal charge was a necessary antecedent for the filing of a complaint under the act, but the criminal charge need not be one of a sexual character. This petition puts in issue a matter entirely different from that included in the assault charge. Defendant cites Dolan v. Richardson, Mo.App., 181 S.W.2d 997, and other cases of like character. There, the only issue involved in the case no longer existed when the matter reached the Appellate Court. Neither party could have gained anything of value from a final adjudication. The issue between the parties had been settled by the passage of time and by the operation of law. The case was moot and the appeal was dismissed. Under such circumstances, the Courts have repeatedly declined to hear and finally determine such cases. However, the issue here involved is a live issue. The question is whether defendant is a sexual psychopath with criminal propensities to the commission of sex offenses. That issue is still undecided and the cause is not moot for the purposes of this appeal.

■ It is next contended that the State has no right to appeal from the decision of the Circuit Court in a case arising under this act. Defendant says this is true because the cause was treated by the Circuit Court as a criminal action. The Supreme Court, in State ex rel. Sweezer v. Green, supra, declared that the act is civil in nature, not criminal or punitive. That is the law. If the trial court did treat this cause as though it were a criminal one, (and we do not hold that it did) that would not have the effect of making it one. This Court has jurisdiction to determine this cause on appeal. State v. Harold, 364 Mo. 1052, 271 S.W.2d 527, 529–530.

There was testimony to the effect: that defendant was apprehended by the police while window peeping at a house where four young girls were the only occupants, and that he assaulted a policeman in attempting to escape; that he had been convicted in police court of window peeping; that, from a high vantage point, near Hinkson Creek, south of Columbia, he watched while a young couple in an automobile undressed and engaged in sexual intercourse; that he was in this area a number of times observing and attempting to observe similar occurrences; that he was apprehended in this area by the police and admitted that he was there for the purpose of observing couples engaged in sexual intercourse; that, upon one occasion, he approached a parked automobile with a young man and a girl in it, that he was challenged by the young man, and that he approached the young man in a threatening manner; that, on another similar occasion, defendant was in a car and he told this young man that he was going to "get" him, that he had a gun; that defendant and another drove to this area, that defendant got out of the car and walked towards a young man whose car was parked along the road; that defendant was

carrying a shotgun, and that the other young man fled the scene. There was also testimony to the effect that defendant, at one time, had in his possession a pair of women's pants. Several members of the Columbia Police Department testified concerning various incidents wherein defendant was involved in connection with window peeping and with spying on couples parked in the fields near Hinkson Creek.

Dr. Chiasson, a medical doctor who specializes in psychiatric practice, and who was shown to be eminently qualified in that field, was called as a witness by plaintiff. A hypothetical question, wherein the facts in evidence on behalf of plaintiff were hypothesized, was propounded to her: whether or not, assuming said facts to be true, defendant *could* or *might* have propensities to the commission of sexual crimes. Her answer was rather inconclusive but indicated "yes". However, on cross-examination, she was asked whether defendant *would* have "propensities to commit sex crimes." Her answer was that she did not know. Dr. Chiasson is a medically trained specialist in the field which is the subject of inquiry in this case. Her testimony, based on the hypothetical question alone, to the effect that defendant *might* or *could* have propensities to the commission of sexual crimes, was admissible, but that, alone, was not sufficient to make out a *prima facie* case. Wack v. F. E. Schoenberg Mfg. Co., 331 Mo. 197, 53 S.W.2d 28, 31. But, if the doctor had stated that, in her opinion, based on the facts in evidence, defendant *would* have such propensities, it would have constituted substantial evidence of the fact; but the Court, as the trier of the fact, would not have been bound to believe it.

The testimony tended to prove that large numbers of cars occupied by young people bent on pleasant dalliance, are frequently parked in the secluded areas in the vicinity of the lyric Hinkson. It also tended to prove that the picturesque wooded heights overlooking the exotic scene spread below is a favorite resort for many unnamed lovers of nature, where they could view, from the protective shadow of tree and shrub, the wonders of nature, so generously offered for all to see in the light of broad day.

Such a situation presents opportunity and temptation to the sexual psychopath who may have propensities to the commission of sex crimes. As to whether or not defendant is such a person, the Court held the evidence insufficient to establish, *prima facie*. However, the Prosecuting Attorney is to be commended for having ably presented the facts in the trial court and here. In so doing, he acted in the performance of his sworn duty and the community that he served has profited by his action. It is also proper to commend court-appointed counsel for defendant. The record shows that they represented their client according to the finest traditions of the bar. While they have done no more than the profession and society expects under such circumstances, they did their duty cheerfully.

The judgment should be affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.