STATE of Missouri, Respondent,

v.

Everett H. TARTENAAR, Appellant.

No. 49998.

Supreme Court of Missouri,
Division No. 2.

Oct. 14, 1963.

Dale Beal, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Timothy G. Noble, Sp. Asst. Atty. Gen., Saint Louis, for respondent.

STOCKARD, Commissioner.

Everett Harry Tartenaar was found guilty by a jury of incest and punishment was fixed at imprisonment for a term of seven years. After overruling a motion for new trial the trial court, on its own motion, reduced the punishment to imprisonment for a term of five years, and entered judgment accordingly. Defendant has appealed. At trial he was represented by counsel who has filed a brief in this court in his behalf.

A jury would be entitled to find from the evidence that about 11:00 o'clock of the evening of July 17, 1961, police officer Kenneth Karnes observed appellant and his sixteen-year-old daughter in an act of sexual intercourse near the shelterhouse in Blue Valley Park, Kansas City, Missouri. Appellant testified at the trial and denied the act, but following her arrest the daughter stated to the police that the act of sexual intercourse did occur, and she so testified at the trial in clear and unequivocal language.

Appellant sets forth nineteen assignments of error in his motion for new trial, but only two of these assignments are presented in his brief to this court. "If the appellant files a brief in the appellate court [which he has done in this case], assignments of error in the motion for a new trial not presented thereby shall be deemed waived or abandoned." Supreme Court Rule 28.02, V.A.M.R., State v. Boyd, Mo., 256 S.W.2d 765.

The first point in appellant's brief is that "The information is fatally defective and should have been quashed." Considered as a point in a brief, this is totally inadequate to present anything for appellate review, but pursuant to Supreme Court Rule 28.02, V.A.M.R., we consider the sufficiency of the information even though as to it no assignment of error is made. Appellant's brief contains no argument pertaining to this point, and we do not know the basis for his challenge. He cites under the point State v. Varsalona, Mo., 309 S.W. 2d 636, and "State v. Smith, 317 S.W.2d ——." The first case pertains to the sufficiency of an information in an arson case, and the issues there pertaining to the sufficiency of that information in no way could apply to the sufficiency of an information purporting to charge the crime of incest. There is no case entitled "State v. Smith" reported in Volume 317 of the Southwest Reporter, Second Series, and we cannot locate the case to which reference is attempted to be made.

The elements of the crime of incest, as defined by statute and material to the factual situation of this case, are as follows: "Persons within the following degrees of consanguinity, to wit: Parents and children, * * * who shall commit, adultery or fornication with each other, * * * shall be adjudged guilty of incest, and be punished by imprisonment in the penitentiary not exceeding seven years." Section 563.220. (All statutory references are to RSMo 1959, V.A.M.S.). The information in its material parts charged that "Everett Harry Tartenaar * * * on the 17th day of July, 1961, at the County of Jackson, State of Missouri, being the father of one Lee Ann Tartenaar, and the said Everett Harry Tartenaar being then and there persons within the degrees of consanguinity with which marriages by law to be declared incest[u]ous and void, to wit: being then and there father and daughter of the whole bolld, did then and there unlawfully, incest[u]ously, knowingly, feloniously and wilfully commit fornication with each other by then and there having sexual intercourse together; * * *."

We have no statutory definition of the act of fornication. Therefore, when used the term is to be given its meaning under the common law, Section 1.010, which is the "illicit sexual intercourse between a man, whether married or single, and an unmarried woman." 37 C.J.S. Fornication § 1. The allegations in the information that defendant did commit an act of fornication with his daughter set forth the elements of the offense of incest as defined by the statute. It was not necessary to allege specifically in the information that the daughter was unmarried as that is necessarily implied in the allegation that the incest was accomplished by an act of fornication. The allegation that "the said Everett Harry Tartenaar being then and there persons within the degrees of consanguinity with which marriages by law could be declared incest[u]ous and void" is surplusage, and for that reason it is immaterial that that allegation apparently is incomplete and certainly most inartfully drawn. The language of the information, without considering the surplusage, follows the language of the statute, and in doing so charges the offense of incest by an act of fornication between defendant and his daughter. The information is sufficient.

The remaining assignment is that "The trial court capriciously and arbitrarily abused its discretion by proceeding into trial of the merits of the criminal charge against defendant when there was pending before it a petition of prosecuting attorney alleging that this defendant was a criminal sexual psychopath." The record shows that the information was filed on August 2, 1961, and signed by an assistant prosecuting attorney of Jackson County. On November 15, 1961, a different assistant prosecuting attorney filed a petition in the same court alleging that the defendant was a criminal sexual psychopath as defined in Section 202.700, and praying that a hearing

be held to determine that issue according to the provisions of Sections 202.700–202.-770. While this petition is set forth in the transcript, there is nothing to indicate that any action whatever was taken concerning it. No service of the petition was had on the defendant, there was no hearing thereon, and no order of dismissal was made. There also is no showing that defendant objected to the petition or to the proposed procedure thereunder, or that he objected to proceeding to trial on the charge of incest in lieu of the procedure under the petition. For aught that appears from the transcript the petition was filed in the case with "the clerk of the court" as required by Section 202.710 and permitted to remain in the file for eleven months without being called to the attention of the trial judge by anyone. The first mention of the petition is in the motion for new trial where defendant made the contention he now presents on this appeal.

 Even though the prosecuting attorney has reason to believe that a person charged with a crime is a criminal sexual psychopath, as that term is defined in Section 202.700, it is discretionary with him whether or not to file the petition authorized by Section 202.710, and invoke the authorized proceedings thereunder. State ex rel. Kirks v. Allen, Mo.App., 255 S.W.2d 144. Therefore, after having filed the petition the prosecuting attorney may withdraw or abandon it. In addition, when such petition is filed and a hearing held thereunder, and the defendant is found by the court, or by a jury when one is employed for that purpose, to be a criminal sexual psychopath, the trial court is specifically authorized to make either of two orders: (1) it "may commit" the defendant to State Hospital No. 1 for treatments, or (2) it "may order" the defendant to be tried upon the criminal charge. Section 202.730. See also State v. McDaniels, Mo.App., 307 S.W.2d 42, 45. By reason of the filing of the petition, or the fact that it was pending and undisposed of, the trial court did not lose *jurisdiction* to proceed to trial on the criminal charge.

Therefore, when the trial court did proceed to trial without any objection whatever on the part of the defendant, it was too late for him to object for the first time in his motion for new trial that a hearing should have been held on the petition. In matters of this kind the defendant is not entitled to speculate on the result of a jury trial, and if the result is not to his expectation, then for the first time complain that the state did not invoke an alternate and discretionary proceeding. This contention of appellant is without merit.

 In his brief appellant states that "The following is complained of but not argued." He then sets out five general statements in the form of assignments of error, but all except one are so general that they would present nothing for appellate review in any event. The one exception purports to challenge the sufficiency of the evidence, but our previously made brief statement of the facts discloses that it has no merit. See State v. Gray, Mo., 355 S.W.2d 10; and State v. West, Mo., 356 S.W.2d 880. In State v. Johnson, Mo., 245 S.W.2d 43, this court expressly held that assignments of error in a motion for new trial cannot be retained in a case "merely by declaring he [appellant] has 'chosen to argue' only part of the assignments in the motion but that he 'urges each and every other ground contained' therein." In this case the purported assignments are not briefed and for that reason they stand abandoned on appeal. However, if it be contended that they should not be considered to have been abandoned, they are all insufficient, except the one previously mentioned which is without any merit, to preserve any issue for appellate review.

Pursuant to our discretionary authority to determine whether there occurred plain error affecting substantial rights, Supreme Court Rule 27.20(c), V.A.M.R., we have carefully read and examined the entire transcript, and our examination discloses no such error. We have also examined those matters in the record for which no assignment of error is required. Supreme

Court Rule 28.02, V.A.M.R. We have previously held the information to be sufficient. The verdict of the jury is in proper form and is responsive to the issues, and the punishment as reduced by the trial court is within the limits as prescribed by law. The record shows that appellant was arraigned and pleaded not guilty, and that he and his counsel were present throughout the trial. Appellant was granted allocution, and the judgment is responsive to the issues and the verdict.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.