**Omega DAVIS, Respondent,**

v.

**STATE of Missouri, Appellant.**

**No. 56863.**

Supreme Court of Missouri, Division No. 2.

July 17, 1972.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for appellant.

Respondent, pro se.

STOCKARD, Commissioner.

Omega Davis has appealed from the order of the trial court overruling his motion filed pursuant to Rule 27.26, V.A.M.R.

On January 10, 1951, appellant was found guilty by a jury of rape, and pursuant to the procedure then in effect pertaining to the habitual criminal act, the jury also found that appellant had previously been convicted of three felonies, and it assessed the punishment at life imprisonment. This court affirmed. State v. Davis, Mo., 251 S.W.2d 610.

By appellant's amended motion he asserts that he is entitled to relief pursuant to Rule 27.26 because (1) he was denied due process and equal protection of the law for the reason that the prosecutor did not proceed against him pursuant to the Criminal Sexual Psychopath Act, RSMo 1969, V.A.M.S., §§ 202.700–202.770; (2) the "incriminating and provocative exposure of the specific nature of [appellant's] prior convictions [rape and sodomy] before the jury was unnecessary to enforce the habitual criminal act and therefore denied appellant a "fundamentally fair trial;" (3) the trial court deprived appellant of argument to the jury by improperly answering a question of law asked by the foreman of the jury after it had retired to deliberate and thereby denied appellant a fair trial; and (4) appellant was denied due process of law by the admission in evidence of the pretrial and in-court identification of appellant by the prosecuting witness as the person who had committed the rape.

Following a pretrial conference pertaining to the issues presented in the motion, counsel for appellant filed a written memorandum in which the following appeared: "The Court requested that counsel determine if an evidentiary hearing was necessary. Since this trial took place twenty (20) years ago the movant and the movant's trial counsel, Mr. Hirsch, stated that they do not recall the details of what took place before and during the trial. Counsel respectfully requests that the court rule on this motion on the basis of the record and transcript of the trial and arguments of counsel and the circuit attorney." Pursuant to this request the trial court reviewed the contentions of appellant and the trial record, and entered its findings of fact and conclusions of law. We have in the records of this court, of which we may take judicial notice, the transcript filed in the original appeal, and to which we have made reference. We do not have before us the arguments of counsel to the trial court, but the issues are briefed to this court.

What appellant has done is to assert in his motion four alleged trial errors, and then has attempted to bring them within the scope of Rule 27.26 by further alleging that those trial errors resulted in a denial of due process of law or equal protection of the law, or that they resulted in denying him a fair trial. Each of the contentions, except possibly the fourth, could be summarily dismissed on the basis that Rule 27.26 is not a means of obtaining a review of trial errors correctible on appeal. However, there is another impelling reason why appellant is entitled to no relief as to the first three issues. Each was decided adversely to him on his direct appeal. The fourth was also considered on the previous appeal, but the implications of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, possibly require further consideration.

In his first contention appellant asserts that because the circuit attorney had knowledge of appellant's previous sexual crimes, he was required to proceed under the Criminal Sexual Psychopath Act, and his failure to do so was arbitrary and capricious. We shall first point out that in State v. Tartenaar, Mo., 371 S.W.2d 192,

this court ruled that "Even though the prosecuting attorney has reason to believe that a person charged with a crime is a criminal sexual psychopath, as that term is defined in Section 202.700, it is discretionary with him whether or not to file the petition authorized by Section 202.710, and invoke the authorized proceedings thereunder." Next, on appellant's direct appeal, this court, for the purposes of that opinion, assumed the circuit attorney had no discretion, but held that record before this court contained nothing to show that appellant had taken the necessary steps to bring himself within the provisions of the Act. That is the precise factual situation of the record now before us. Appellant's first contention is without merit.

■ Appellant's second contention is that the trial court erred in permitting the prosecution to relate the nature of appellant's previous felony convictions. If this did occur, it was a trial error correctible on appeal. However, the precise issue was presented on appellant's direct appeal, and it was there ruled that no reversible error occurred. It was there pointed out that "all that was read in evidence as to the prior offenses were the judgment entry in each case, the records of confinement in the respective institutions, and the records of discharges therefrom." The court then considered the contentions that the jury panel was told on voir dire examination that appellant had three previous convictions, and that it was told what they were for, and that the trial jury was again so told in the state's opening statement. It was ruled that "we may not say that the prejudice to defendant * * * went beyond that prejudice which is inherent in a trial involving the 'habitual criminal issue'." 251 S.W.2d 613–615. This issue may not now be relitigated by asserting that these alleged trial errors deprived appellant of a fair trial. State v. Brown, Mo., 461 S.W.2d 743; State v. Adams, Mo., 403 S.W.2d 604.

■ Appellant's third contention, that the prosecutor made a misstatement of law

in argument and that the trial court "enhanced" this misstatement by reading a portion of the argument, presents only a trial error correctible on appeal if meritorious, and in fact the issue was presented on the previous appeal and ruled on the basis that the objection made and set forth in the motion for new trial was not the objection presented on appeal. However, the contention now made could have been preserved and presented on appeal, and this asserted trial error cannot now be presented in a proceeding under Rule 27.26 on the basis that the alleged trial error denied appellant a fair trial. Gailes v. State, Mo., 454 S.W.2d 561; Selman v. State, Mo., 454 S.W.2d 530.

■ The remaining point is that the identification of appellant by the prosecuting witness was improperly admitted in evidence because the "method of identification," based on the totality of the circumstances, was unnecessarily suggestive and conducive to misidentification.

In the opinion on direct appeal the court pointed out that the prosecuting witness had a good opportunity to observe her assailant, that in her efforts to remove his hands from her throat she felt the index finger of his left hand and was able to discern that it was deformed, and that a handkerchief used as a mask slipped from his face and she obtained a good look at his face. The record of trial shows that prior to her identification of appellant, the police brought "a couple of men" for her to view, and she did not identify either as her assailant. On the day following the attack, she viewed a man at the police station whom she stated was not her assailant. She also viewed a photograph of a man whom she could not identify as her assailant, and there was no evidence that any of the men shown to the prosecuting witness was appellant or that the photograph was of him. The following day the prosecuting witness identified appellant as her assailant in a one-man lineup, and at trial she stated that she identified him because of his "big, bulgy eyes" and his crooked finger. There

were no suggestive comments made to the prosecuting witness by the police. Her identification at trial was positive.

The trial court found, from a review of all the testimony and the record concerning the out-of-court identification, that there was no objection to the in-court identification, that the prosecuting witness was cross-examined at length concerning the basis for her identification, and that the record did not show that the pretrial identification dictated or tainted the in-court identification. In view of the total circumstances, there was a basis for the identification independent of the lineup, and the finding and conclusion of the trial court is not clearly erroneous. Crosswhite v. State, Mo., 426 S.W.2d 67; State v. Mountjoy, Mo., 420 S.W.2d 316.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.