STATE of Missouri, Respondent,

v.

Leroy Allison JAMES, Appellant.

No. 59173.

Supreme Court of Missouri,
Division No. 1.

March 8, 1976.

Lilley, Cowan & Love, Gary A. Love, Springfield, for appellant.

John C. Danforth, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

This case involves a constitutional challenge to § 202.730, RSMo 1969, which reads, in part, as follows:

"If the person is found by the court or the jury to be a criminal sexual psychopath, the court may commit him to State Hospital No. 1 at Fulton where he shall be detained and treated until released in accordance with the provisions of sections 202.700 to 202.770 or may order such person to be tried upon the criminal charges against him, as the interests of substantial justice may require."

On September 15, 1969, appellant was found by a jury to be a criminal sexual psychopath and was sentenced on October 3, 1969, to be committed to State Hospital No. 1 at Fulton.

On January 13, 1975, appellant filed his fifth petition for release under § 202.740, RSMo 1969, which statute reads as follows:

"At any time after commitment an application in writing setting forth facts showing that such criminal sexual psychopath has improved to the extent that his release will not be incompatible with the welfare of society, may be filed with the committing court. Whereupon the court shall issue an order returning the person to the jurisdiction of said court for a hearing. This hearing shall in all respects be like the original hearing to determine the mental condition of the defendant. Following such hearing, the court shall issue an order which shall cause the defendant either to be placed on probation for a minimum period of three years, or returned to the hospital; provided that upon the expiration of said probationary period and after further hearing by said court to be held in accordance with the other provisions of sections 202.700 to 202.770, said psychopath may be discharged."

On March 24, 1975, appellant was examined by two psychiatrists from the Mid-Missouri Mental Health Center. On June 30, 1975, Dr. Dana L. Solem, one of the psychiatrists, testified at an evidentiary hearing that appellant has an antisocial personality, that he could not say that appellant can be cured, and that he found no reason to believe that appellant's antisocial nature would change if he were released back to society.

The trial court overruled the petition for release; found "there is a reasonable classification so far as the equal protection clause goes;" and found "that the defendant has not been shown free of criminal propensities to the commission of sex offenses or to be considered as not dangerous to others or that his release would not be incompatible with the welfare of society." An appeal was then taken to this Court.

Appellant asserts that the Criminal Sexual Psychopath Law denies him equal protection "in that all individuals adjudicated

criminal sexual psychopaths are not committed to State Hospital No. 1, and the distinctions which arise from this disparity in treatment are such as to constitute invidious discrimination and are constitutionally impermissible." He contends that had he been tried on the criminal charges, (1) he would have had an opportunity to secure his freedom through an additional jury trial, (2) a more stringent burden of proof would have been imposed on the State, (3) if convicted, he would have known the length of his sentence, and (4) in order to secure his freedom, he would not be required to meet an affirmative burden of proof as to his mental condition.

In *Baxstrom v. Herold*, 383 U.S. 107, 111, 86 S.Ct. 760, 763, 15 L.Ed.2d 620 (1966), the United States Supreme Court said: " * * Equal protection does not require that all persons be dealt with identically, but it does require that a distinction made have some relevance to the purpose for which the classification is made."

In *Marshall v. United States*, 414 U.S. 417, 418, 94 S.Ct. 700, 702, 38 L.Ed.2d 618 (1974), the Court "granted certiorari to consider petitioner's claim that the provisions of Title II of the Narcotic Addict Rehabilitation Act of 1966, 18 U.S.C. §§ 4251–4255, deny due process and equal protection by excluding from discretionary rehabilitative commitment, in lieu of penal incarceration, addicts with two or more prior felony convictions."

The Court held the Act does not constitute a denial of equal protection, and said (414 U.S. at 422, 427 and 428, 94 S.Ct. at 704, 706, 707):

> "Petitioner concedes that the concept of equal protection as embodied in the Due Process Clause of the Fifth Amendment, see *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954), does not require that all persons be dealt with identically, but rather that there be some 'rational basis' for the statutory distinctions made, *McGinnis v. Royster*, 410 U.S. 263, 270, 93 S.Ct. 1055, 1060, 35 L.Ed.2d

282 (1973), or that they 'have some relevance to the purpose for which the classification is made.' *Baxstrom v. Herold*, supra, 383 U.S. at 111, 86 S.Ct. [760] at 763 [15 L.Ed.2d 620]; *Rinaldi v. Yeager*, 384 U.S. 305, 309, 86 S.Ct. 1497, 1499, 16 L.Ed.2d 577 (1966). See also *James v. Strange*, 407 U.S. 128, 92 S.Ct. 2027, 32 L.Ed.2d 600 (1972); *Humphrey v. Cady*, 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972).

> \* \* \* \* \* \*

> "When Congress undertakes to act in areas fraught with medical and scientific uncertainties, legislative options must be especially broad and courts should be cautious not to rewrite legislation, even assuming, *arguendo*, that judges with more direct exposure to the problem might make wiser choices. Accordingly, it would have been a permissible choice for Congress to permit discretionary inclusion in NARA programs of those whose prior offenses were determined to be addiction related or motivated. Such a discretion might appropriately have been vested in the trial judge much in the manner in which he is now required to exercise his discretion under § 4252 in determining whether the defendant is an addict who is likely to be rehabilitated through treatment. That Congress has not yet chosen to so provide, however, does not render constitutionally impermissible its decision to limit treatment to those with less than two prior felony convictions. *Williamson v. Lee Optical Co.*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955); *Dandrige v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); *Jefferson v. Hackney*, 406 U.S. 535, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972)."

In our view, the Missouri Criminal Sexual Psychopath Act does not constitute a denial of equal protection. In *State v. McDaniels*, 307 S.W.2d 42, 44 (Mo.App. 1957), the Court spoke of the Act as follows:

"The scope and purpose of this Act was fully considered by the supreme court en banc in *State ex rel. Sweezer v. Green*, 360 Mo. 1249, 232 S.W.2d 897, and by this court in *State ex rel. Kirks v. Allen*, Mo.App., 255 S.W.2d 144. It is settled that the Act is constitutional; that a proceeding thereunder is of a civil nature and not criminal; that it declares the public policy of the state; that the general purpose of the Act is to detain, treat and care for a person found to be a criminal psychopath with the hope his condition will improve; and also to protect the public against his depredations."

■ In our opinion, "the general purpose of the Act", as enunciated in *McDaniels*, supra, demonstrates a rational and relevant basis for the distinction made. We further believe the Act appropriately vested discretion in the trial judge to determine in what manner appellant should be detained. *Marshall v. United States*, supra. We recognize that, on the evidence adduced, there is a possibility that appellant cannot be cured. However, "[t]here can be little doubt that in the exercise of its police power a State may confine individuals solely to protect society from the dangers of significant antisocial acts * * *. Cf. *Minnesota ex rel. Pearson v. Probate Court*, 309 U.S. 270, 60 S.Ct. 523, 84 L.Ed. 744 * *." (*O'Connor v. Donaldson*, 422 U.S. 563, at 582 and 583, 95 S.Ct. 2486, 2497, 45 L.Ed.2d 396, Burger, C. J., concurring.)

The judgment is affirmed.

All concur.