**Marvin C. BYNUM, Defendant-Appellant,**

v.

**STATE of Missouri, Plaintiff-Respondent.**

**No. 37707.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 4, 1977.

Kevin M. O'Keefe, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James Barta, Asst. Circuit Atty., Terry Adelman, Asst. Public Defender, St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Marvin C. Bynum, serving four concurrent seventeen year sentences for two counts of first degree robbery by means of a dangerous and deadly weapon, forcible rape and assault with intent to maim with malice following pleas of guilty, appeals

from the order of the trial court summarily denying his Rule 27.26 postconviction motion. He contends that the trial court erred in failing to grant him an evidentiary hearing because his 27.26 motion stated grounds which entitled him to relief. These grounds were that the sentence imposed on him was increased because the trial court considered nonexistent prior convictions of defendant, and that defendant was denied effective assistance of counsel. We affirm.

◼ Rule 27.26(e) establishes the standard by which a trial court determines whether or not an evidentiary hearing is required on movant's motion to vacate, set aside or correct sentence. Movant's 27.26 motion must plead facts, not conclusions, which, if true, would entitle him to relief. *Smith v. State,* 513 S.W.2d 407, 410[1] (Mo. banc 1974). Movant alleged mere conclusions without facts to support his grounds; that is, (1) that the trial court gave consideration to defendant's prior "conviction", and (2) that a comment by counsel for defendant caused the trial court to increase defendant's punishment.

◼◼ The record of the guilty plea proceeding reveals *only one* reference to defendant's background. Counsel for defendant informed the court that defendant had been committed to and eventually released from the State Mental Hospital as a criminal sexual psychopath. In its context, this information was offered to indicate that defendant was presently suffering no mental disease which would impair his guilty pleas. There was no discussion in the record at any time of alleged past crimes of defendant, and no evidence in the record showing past crimes. His motion admitted commitment as a criminal sexual psychopath on an assault charge. The proceeding during which an individual is found to be a criminal sexual psychopath is civil, remedial and curative rather than criminal and punitive. *State ex rel. Wright v. MacDonald,* 330 S.W.2d 175, 177[3] (Mo.App.1959); §§ 202.700–202.770, RSMo 1969. But the trial court could properly consider this prior judicial determination in sentencing defendant because the commitment related to the background, character and propensities of defendant which are proper subjects of inquiry. *State v. Jackson,* 476 S.W.2d 540, 542[2] (Mo.1972); *State v. Cline,* 452 S.W.2d 190, 195[13, 14] (Mo.1970); *State v. Goforth,* 535 S.W.2d 464, 468[7] (Mo.App.1976).

Defendant's contention that he was denied effective assistance must also fail inasmuch as this contention depends upon a finding that the trial court relied on materially false information of defendant's past crimes in affixing punishment. The record of the guilty plea proceeding and the matters alleged in defendant's motion conclusively refute such a finding and show that defendant is entitled to no relief on that ground, or on the ground of ineffective assistance of counsel.

◼ Finally, defendant cannot simply rely for relief on the fact that his co-defendant, who was sentenced by the same court on the same charges, received a lesser sentence than defendant. This contention may not be considered on a 27.26 motion because the sentence of seventeen years imprisonment was within the statutory limits authorized for each of the crimes in question. *Duncan v. State,* 524 S.W.2d 140, 142[3] (Mo.App.1975).

The judgment is affirmed.

DOWD and CLEMENS, JJ., concur.