**Henry Stanley SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 28739.**

Missouri Court of Appeals,
Kansas City District.

Aug. 8, 1977.

Albert A. Riederer, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Bruce E. Anderson, Paul R. Otto, Asst. Attys. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., and PRITCHARD, C. J., and DIXON, J.

SWOFFORD, Presiding Judge.

Upon a plea of guilty, the appellant was sentenced to a term of seven years on April 21, 1975 for the crime of sodomy. On October 23, 1975, appellant filed a motion to vacate his sentence pursuant to Rule 27.26; an evidentiary hearing was held; and, the motion was denied. This appeal followed.

The appellant asserts two points relied on or assignments of error; *first*, that his motion to vacate the sentence should have been granted because at the time of his guilty plea he was unable to understand the nature of the proceedings against him, in that he suffered from a mental disease or defect; and, *second*, that the court should have sustained his motion because it had no jurisdiction to accept the guilty plea since at the time he was under the jurisdiction of the State Mental Hospital at Fulton, Missouri, pursuant to Section 552.040 RSMo 1969.

It is immediately apparent that both of these points call into issue the mental condition of appellant before and at the time of his guilty plea to the sodomy charge.

■ Appellant's challenge to the jurisdiction of the court below, as contained in his second point, will be first considered and will require a review of the record pertinent to this point.

In Appellant's Motion to Vacate the sentence under Rule 27.26, subscribed and sworn to by him on October 2, 1975, he states, in part:

"The Court lacked jurisdiction to sentence movant for the reason that he had previously (been) declared a 'sexual psychopath' according to Missouri State Law, on January 14, 1971, and was committed to the State Mental Hospital at Fulton, Missouri. At the time of the alleged offense he was on conditional release from the institution but had not been declared cured. * * *" (Word in parenthesis supplied)

Throughout the proceedings below this allegation was not challenged. His attorney at the time of his guilty plea testified that the appellant had been confined at Fulton and that he had filed two applications on the appellant's behalf for a conditional release, the second of which resulted in appellant's conditional release by virtue of an order of a division of the court below (other than the division where the guilty plea here involved was accepted.)

The court below in the case at bar made specific findings of fact as to the 1971 commitment as a sexual psychopath. Such commitment therefore was clearly accomplished under the terms and provisions of the Criminal Sexual Psychopath Act (hereafter CSPA), Sections 202.700 to 202.770, inclusive, RSMo 1969, a part of Chapter 202, Title 12, of the Missouri Statutes dealing with Public Health and Welfare, and not under Section 552.040 RSMo 1969, a part of the statutes dealing with Criminal Procedure, as here asserted by the appellant. The two statutory enactments are vastly different in both purpose and effect.

This opinion need not be unduly lengthened by any extended analysis of the CSPA. It should be noted, however, that these statutes have been declared to provide procedures which are civil and not criminal in nature and are curative and remedial and not punitive. *State ex rel. Sweezer v. Green*, 360 Mo. 1249, 232 S.W.2d 897, 900[1, 2] (banc 1950). The CSPA declares the public policy of the state to detain, treat and care for a person found to be a criminal sexual psychopath and to protect society from the dangers of significant anti-social acts, *State v. James*, 534 S.W.2d 41, 43–44[1, 4] (Mo. 1976).

Further, the CSPA contains a specific provision legislatively divorcing its provisions from any criminal proceedings which might be involved by reason of the mental health of the person committed. Section 202.750 RSMo 1969, provides:

"Nothing in sections 202.700 to 202.770 shall be construed as changing in meaning any portion of the criminal code, nor shall a finding of criminal sexual psychopathy under the provisions of said sections constitute a defense in any criminal action."

In accordance with this statutory limitation, the courts have held that a person brought under the provisions of the CSPA and adjudicated a criminal sexual psychopath may, nevertheless, be tried for the underlying criminal charge. Section 202.-730 RSMo 1969; *State v. Tartenaar*, 371 S.W.2d 192, 195[5] (Mo. 1963); *State v. McDaniels*, 307 S.W.2d 42, 46[7] (Mo.App. 1957). In the case at bar, the sodomy charge was not the underlying charge which brought the appellant under the CSPA proceedings in 1971[1] but upon an offense which occurred in 1974 following his conditional release from Fulton in 1973. The appellant cannot escape the consequences of the present charge by reason of his prior commitment as a criminal sexual psychopath and the court below had jurisdiction to proceed in the sodomy prosecution. The appellant's second point is ruled against him.

 Before accepting the appellant's plea of guilty to the sodomy charge, he was examined at the Western Missouri Mental Health Center by Dr. Gupta and Dr. Laskey of that institution's Forensic Psychiatry Department, and by a Psychiatric Social Worker, and their report was filed with the court below. Based upon this report, the court made a specific finding that the appellant understood the nature of the proceedings, was not suffering from any mental disease or defect, was able to assist his counsel, and was competent to stand trial. These are the standards set by Section 552.-020 RSMo 1969. Appellant offered no evidence in support of this claim other than the admitted fact that he had been committed in 1971 under the CSPA.

The real thrust of the appellant's argument on his first point, however, is that he understood that if he entered a plea of guilty to the sodomy charge, he would not be sent to the penitentiary but would be recommitted to Fulton. The record discloses that his counsel made strenuous and repeated efforts to reach such a plea bargain with the court who had granted him conditional release and with the prosecutor, but without success. Thereafter, his counsel did succeed in reaching an agreement with the prosecutor that the State would recommend a sentence of 7 years. His counsel testified that appellant was kept fully advised of these facts and that after some vacillation and after reading the victim's deposition decided to enter the plea. While appellant testified at the hearing on his Rule 27.26 motion that he expected to be returned to Fulton, the following appears in the record on cross-examination:

"Q. Now during the plea didn't they inform you that the judge could sentence you to the penitentiary?

A. They did."

Under questioning by the court below, the following appears:

"Q. Right. So you knew that unless I changed my mind I was going to give you seven years in the custody of the Missouri Department of Corrections? The penitentiary and not Fulton. You knew that, didn't you?

A. Right."

Further, the appellant had his counsel hand the court below a letter which contained a statement that "the seven years you offered to give me I think is enough time for this crime."

The record is conclusive that the plea was knowingly and voluntarily entered; that appellant fully understood the proceedings, was competent to stand trial and assist his counsel, and therefore, to enter the plea; that the court below and counsel carefully informed him of his rights and meticulously protected those rights; that the court below gave him a full evidentiary hearing on his Rule 27.26 motion; and the judgment of the court below denying such motion was based upon convincing and solid evidence and was not clearly erroneous. Rule 27.26(j).

Further extension of this opinion would be devoid of precedential value. Rule 84.-16(b)(5).

The judgment is affirmed.

All concur.

---

1. The nature of the underlying charge is not shown by the record.