**STATE of Missouri,**
**Plaintiff-Respondent.**

v.

**Charles D. WHEAT,**
**Defendant-Appellant.**

**No. KCD 29791.**

Missouri Court of Appeals,
Kansas City District.

Oct. 30, 1978.

Thomas J. Cox, Jr., Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

This criminal appeal from a two-count conviction for rape and sodomy in a court-tried case raises three issues.

The issues are (one) whether the prosecutor should have been directed to proceed under the Criminal Sexual Psychopath Act § 202.710 RSMo 1969; (two) a claim of involuntary confession being admitted against defendant; and (three) that the defendant's motion to dismiss should have been sustained because his prior release from probation from the Missouri State Hospital was void for lack of hearing under § 202.740 RSMo 1969.

No detailed factual recital is necessary. The prosecuting witness testified to an act of sodomy per os and to rape. Both were performed at knife point. A variety of sexually oriented indignities, forcibly performed on the witness, exacerbated the offense.

## I.

On defendant's claim that the trial court should have ordered the prosecutor to proceed under § 202.710 RSMo 1969, the statute, despite the use of the word "shall" in directing prosecutorial action, has been interpreted to allow normal prosecutorial discretion in its use. *Davis v. State*, 482 S.W.2d 468 (Mo.1972); *State v. Tartenaar*, 371 S.W.2d 192 (Mo.1963); *State ex rel. Kirks v. Allen*, 255 S.W.2d 144 (Mo.App. 1953). These holdings are consistent with the general rule of law on prosecutorial discretion in actions under statutes which use mandatory language in relation to filings of criminal matters. *State ex rel. Schultz v. Harper* and *State ex rel. Mitchell v. Harper*, 573 S.W.2d 427 (Mo.App.1978).

## II.

Defendant's claim that his confession was involuntary came only *after trial*. This tardy claim arose on a post-trial motion claiming statements made by the defendant to the investigating officers were involuntary.

The motion asserts that the defendant made the complained of statements only after the arresting officers promised to obtain medical help for the defendant, and that counsel was unaware of this until after trial. The record does not support the assertions of the motion. First, the support for the fact that such promises were made rests upon an offer of proof that the *defendant* would testify to certain proof. That offer in full is as follows:

"DEFENDANT WHEAT: Well—

MR. COX: Speak up so the judge can hear you.

DEFENDANT WHEAT: There was a promise made and a friend of mine was told over the phone that if I did confess what crime I did, that they would get me help, and so they let me talk to this friend of mine over the phone and she reassured me that—to tell the truth and tell them everything so that I could get help, that that was the only way that was possible of getting help, was to admit all this stuff.

THE COURT: The officer did not—as I gather from what you're saying, your testimony would be the officer didn't tell you that so much as he told a friend, female friend of yours?

DEFENDANT WHEAT: Yes.

THE COURT: Then you talked to the female friend?

DEFENDANT WHEAT: Yes.

THE COURT: And she said to you what now?

DEFENDANT WHEAT: To go ahead and tell them everything, that that was the only way I was going to get help, and don't be scared about telling them what I had done.

THE COURT: Okay. And would that be the extent of your testimony on this point?

DEFENDANT WHEAT: As far as I know, Judge, that's all.

THE COURT: Okay. Do you—

MR. COX: That would be the offer of proof."

From this excerpt and the motion, it is clear that the thrust of the defendant's claim is that there were promises made which prompted the statements. The defendant could and did, in fact, waive the issue of voluntariness by failing to object to the statements at the time they were offered. There is no requirement that the trial court *sua sponte* provide a hearing on the issue of voluntariness. *State v. Jackson,* 448 S.W.2d 895 (Mo.1970). Absent timely objection, the constitutional issue is not preserved. *State v. Meiers,* 412 S.W.2d 478 (Mo.1967). Defendant seeks to avoid the thrust of these rulings by asserting that counsel was unaware of any facts concerning a possible inducement to the defendant in making the statement. This assertion, found only in the motion, is squarely contradicted by the trial record. Defense counsel, in cross-examination of the policeman who testified to the statements, by means of leading questions extracted the information that the policeman had volunteered to the defendant that "he needed help." With that statement before him, defense counsel could and should have inquired of his client concerning the claim now belatedly raised. No error appears in the trial court's disposition of the defendant's post-trial motion.

### III.

Defendant's final claim is that the proceedings releasing him from his probation from the state hospital under his prior commitment as a criminal sexual psychopath were defective and that he should have been returned to the state hospital, ostensibly as a parole violator. Two reasons make this claim patently untenable. First, the proceedings defendant challenges are civil in nature. *State ex rel. Sweezer v. Green,* 360 Mo. 1249, 232 S.W.2d 897 (banc 1950). The judgment entered on March 14, 1974 became final and immune from attack on March 15, 1977, prior to trial. Section 511.020 RSMo 1969; Section 511.250 RSMo 1969; and Section 511.190 RSMo 1969.

Second, and more importantly, the challenge is only as to the discharge from probation. Thus, if it be said that the defendant is still on probation from his commitment, such status would afford no defense to the crime committed while on conditional release. *Smith v. State,* 555 S.W.2d 93 (Mo.App.1977); § 202.750 RSMo 1969.

Judgment and conviction affirmed.

All concur.