STATE of Missouri,
Plaintiff–Respondent,

v.

Robert Leslie LIEURANCE,
Defendant–Appellant.

STATE of Missouri, Respondent,

v.

Robert LIEURANCE, Respondent,

and

Missouri Department of Mental
Health, Appellant.

Nos. 16102, 16156.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 30, 1989.

Anne Hall, Public Defender, Springfield, for Robert Leslie Lieurance.

William L. Webster, Atty. Gen., Nancy K. Yendes, Mary S. Tansey, Asst. Attys. Gen., Jefferson City, for Missouri Dept. of Mental Health.

William L. Webster, Atty. Gen., Carole Lewis Iles, Asst. Atty. Gen., Jefferson City, for State of Mo.

FLANIGAN, Presiding Judge.

On September 6, 1979, in a criminal proceeding where Robert Leslie Lieurance, appellant here, was charged with rape, the court found him to be a criminal sexual psychopath and committed him to State Hospital Number 1 at Fulton, pursuant to § 202.700–202.770 RSMo 1978. The proceeding in which that order was entered was *State of Missouri v. Robert Leslie Lieurance,* CR 379–1483–FX–3, Circuit Court of Greene County.

Sections 202.700–202.770 were repealed, effective August 13, 1980, [1980 HB 1724]. Among the new statutes enacted in lieu of the repealed sections is § 632.475 RSMo 1986, which reads, in pertinent part:

"1. Persons committed to the department as criminal sexual psychopaths under statutes in effect before August 13, 1980, shall remain committed under those statutes, except as provided in this section.

2. At any time after commitment, a written application setting forth facts showing that the person committed as a criminal sexual psychopath has improved to the extent that his release will not be incompatible to the welfare of society may be filed with the committing court. The court shall issue an order returning the person to the jurisdiction of the court for a hearing. This hearing shall in all respects be like the original hearing under the statutes in effect before August 13, 1980, to determine the mental condition of the defendant. Following the hearing, the court shall issue an order to cause the defendant either to be placed on probation for a minimum period of three years, or to be returned to the department to continue his commitment; ..."

The "department" referred to in § 632.475 is "the department of mental health of the state of Missouri." § 630.005.1(7) RSMo 1986.

On September 18, 1987, Lieurance filed, in Case CR 379–1483–FX–3, a document entitled "Application for Release," in which he requested the trial court to enter its order releasing him "from the custody, care and treatment of the department of mental health." An extensive evidentiary hearing was held, in which the state was represented by the assistant prosecuting attorney and Lieurance was represented by the public defender. On December 13, 1988, the trial court entered an order denying the application for release. Lieurance appeals from that order.

The order of December 13, 1988, contained certain language which prompted the Missouri Department of Mental Health to file, on December 30, 1988, in Case No. CR 379–1483–FX–3, a motion to intervene of right. On January 12, 1989, the trial court held a hearing on the motion to intervene and entered its order denying it. The state appeals from that ruling.

The appeal of Lieurance and the appeal of the department have been consolidated in this court and will be dealt with in this opinion. For the reasons which follow, this court sustains that portion of the trial court's order which denied Lieurance's application for release and deletes as surplusage certain language which was improperly inserted into the order. By reason of the deletions, the issues sought to be raised by the department's appeal become moot.

## APPEAL OF LIEURANCE—No. 16102

■ Lieurance's sole point is that the trial court erred in not ordering him to be placed on probation "because there was sufficient evidence to demonstrate that [Lieurance] no longer had criminal propensities to the commission of sex offenses and was not a danger to others in that he was able to conform his conduct to the requirements of the law, that he has never been assaultive toward others, and [his] treating physician believes it is desirable to release [him] from the hospital."

On September 6, 1979, Lieurance was committed, pursuant to § 202.730 RSMo 1978, to State Hospital Number 1 at Fulton where he remained until February 24, 1987, when he was transferred to the Nevada State Hospital at Nevada, where he is currently hospitalized.

Both the state and Lieurance produced several witnesses at the evidentiary hearing held on May 16, 1988, and resumed on October 13, 1988. Among the state's witnesses were the following persons, each of whom was employed at Nevada State Hospital. Their testimony included the following:

B.U. Sreenarasimhaiah, psychiatrist and medical director:

"Lieurance is housed in a closed psychiatric ward to which he had been moved from a less restrictive ward because his behavior was sexually inappropriate toward staff and female patients. There were several incidents with more than one victim. His behavior has been undesirable because of his sexual approaches toward female patients. He has a long history of violations of several kinds of felonious acts including statutory rape in 1969, child molestation in 1972, and child molestation in 1975. His behavior in the hospital indicates he is still having those problems. He has been continuously demonstrative, one way or the other, in his inclination toward inappropriate sexual behavior. In my opinion he will persist in the same kind of behavior. I do not anticipate he would show any change of behavior when he is released from the hospital. I do not recommend that he should go free into the community. In my estimation, based on what I have seen of his behavior, he would pose a danger to the community. He continues to exhibit an interest in unusual sexual behavior. He should stay in an institution where there is strict restriction. I believe he may be dangerous to others in a sexual manner because of his sexual propensities."

Charles Ryan, chairman of the psychology department:

"Lieurance suffers from a mental disease or defect or mental disorder. He carries the diagnosis of narcissistic personality. He is very self-centered, an egocentric sort of individual who insists on having his own way at any cost. Another diagnosis of him is psycho-sexual disorder not elsewhere classified. The characteristics would be recurrent infractions, violations of sexual codes. Lieurance would require close supervision—an in-patient kind of setting so there would be almost constant behavioral monitoring available."

Deborah Stacey, registered nurse:

"I was in charge of Lieurance's ward and observed his interaction with other patients. He was the czar, the dictator of the ward. The patients complained to me about how he manipulated."

Winona Robinson, registered nurse:

"I was in charge of Lieurance's ward for 13 months. He did not follow the rules of the ward and was not able to conform his behavior to the rules. He tended to pick on the other patients and harass them and frequently caused fights. On March 18, 1988, I located some pornographic material in Lieurance's quarters, wedged up under the bedside table. He was not permitted to have this material. In 1987 I interviewed him about his sexual activities and he admitted that he had assaulted a 12–year–old juvenile in Texas and said he did not see anything wrong with it."

Wendy Durham, psychiatric aide:

"Between November 1987 and January 1988, I had contact with Lieurance. He talked to me about a sexual relationship he had with a nurse at Fulton where he was previously hospitalized. He said that when he got out he wanted to live with her and he was trying to talk her into letting her 12–year–old daughter join them when they were in bed together. Lieurance has talked to me about prior sexual incidents he has had with young girls, juveniles, and he didn't think he had done anything wrong."

E.H. Anderson, physician:

"My diagnosis of Lieurance is Axis I, psycho-sexual disorder, and Axis II, a

narcissistic personality. The diagnosis of Axis I is a mental disorder. Such a person has a propensity to commit sexual crimes. I have talked with Lieurance concerning prior sexual activities with juveniles. Lieurance admitted those activities and said he didn't think it really hurt anyone."

The only professional witness produced by Lieurance was Mark Altomari, a self-employed clinical and consulting psychologist who became acquainted with Lieurance when he was previously hospitalized at State Hospital Number 1 at Fulton. He testified that Lieurance is narcissistic and does not like to be dominated. He agreed with the diagnosis of Lieurance as "psychosexual disorder not elsewhere classified." He testified that the prognosis for a change of Lieurance's character is poor. "It's very unlikely those individuals are going to change because they don't see the need." On cross-examination the witness stated that Lieurance has a history of committing sexual crimes and it is possible he would continue to commit those crimes. Lieurance himself did not testify.

The trial court, having reviewed the material found by Winona Robinson, stated:

"Now, I reviewed those books briefly last night and I thought I saw among those books a paperback which was devoted to sex between children and sex between adults and children. I also know that I saw in there books describing sexual contact and conduct between animals and humans and between humans of the same sex and humans of opposite sex, including incest."

The trial court found "that [Lieurance] continues to be a criminal sexual psychopath and that his condition has not improved to an extent that his release would be compatible to the welfare of society."

The instant proceeding is civil and not criminal. *State v. James,* 534 S.W.2d 41, 44 (Mo.1976); *State ex rel. Sweezer v. Green,* 360 Mo. 1249, 232 S.W.2d 897, 900[1] (1950); *State v. McDaniels,* 307 S.W.2d 42, 44[1] (Mo.App.1957). In this court-tried case, appellate review is governed by Rule 73.01(c),[1] as construed in *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). See *State v. MacDonald,* 330 S.W.2d 175, 176[1] (Mo.App.1959). The judgment of the trial court will be sustained by this court unless there is no substantial evidence to support it, or it is against the weight of the evidence, or it erroneously declares or applies the law.

The judgment is not against the weight of the evidence and in fact is fully supported by substantial evidence. Lieurance's point makes no claim that the judgment misstates or misapplies the law. Lieurance's point has no merit.

▉ Portions of the judgment, however, were gratuitously inserted by the trial court and were directed to issues not raised by Lieurance's application for release. This court now deletes those portions.[2] See Rule 84.14.

In *Christiansen v. Fulton State Hospital,* 536 S.W.2d 159 (Mo. banc 1976), appel-

---

1. All references to rules are to RSMo 1986, V.A.M.R.

2. Those portions read:
 "The difficulty in this case arises from the fact that the Statute under which Defendant was committed permitted the Court to 'commit him to state hospital no. 1 at Fulton where he shall be detained and treated until released ...' The Court Order followed the language of the Statute and states as follows:
 Court orders Deft committed to State Hospital No. 1 at Fulton, Missouri, where he shall be detained and treated until released in accordance with the provisions of Section 202.700 to 202.770. ...
 The Court finds as a fact that the Department of Mental Health has violated the statute and

the Court order by transferring Defendant to its facility at Nevada, Missouri, which is an entirely different type of facility from the facility at Fulton, Missouri. In addition, the Court finds, based upon testimony of the Director of the facility at the Nevada State Hospital, that Defendant has not been treated at the Nevada State Hospital."

. . . . .

 However, the Court renews its instruction given in its original order that Defendant be detained at the State Hospital #1 at Fulton, Missouri and treated. No order has been made relieving the Department of Mental Health from its obligation to treat Defendant, which was originally ordered on September 6, 1979."

lant, a criminal sexual psychopath committed to State Hospital Number 1 at Fulton, filed a petition for release under § 202.740, RSMo 1969. The trial court denied release but recommended to the director of the Division of Mental Health that appellant be transferred to a hospital in St. Louis. The judgment, however, ordered the appellant remanded to the custody of the Missouri Division of Mental Health. The supreme court affirmed the judgment. Appellant sought unsuccessfully to raise a constitutional issue about the adequacy of the treatment afforded him at Fulton. The supreme court ruled that no constitutional issue was presented. At p. 160 the court said:

> "Appellant asserts that he had a constitutional right to treatment and that the treatment afforded him at Fulton was insufficient to comply with constitutional requirements. If these issues were to be litigated, the State was entitled to notice thereof so as to prepare and present evidence pertinent thereto. Such notice was not given. Instead, the State knew only that appellant was contending that he had recovered sufficiently so that his release would not be incompatible with the welfare of society."

Lieurance's application for release contained no allegation with regard to the adequacy or inadequacy of his treatment at Nevada State Hospital. It is unnecessary to consider whether such an allegation, if it had been made, would have had a proper place in this proceeding.

At the time Lieurance was initially committed, § 202.730 RSMo 1978 required that he be committed "to State Hospital No. 1 at Fulton where he shall be detained and treated ..." Section 632.475.2, set forth in the second paragraph of this opinion, requires the court to issue an order "to cause the defendant either to be placed on probation for a minimum period of three years, *or to be returned to the department* to continue his commitment." Accordingly, in lieu of the deleted portions set forth in footnote 2, the trial court's order is amended to include this language: "The defendant is ordered to be returned to the De-

partment of Mental Health of the State of Missouri to continue his commitment."

The appeal of Lieurance has no merit. The judgment, as amended, is affirmed.

## APPEAL OF MISSOURI DEPARTMENT OF MENTAL HEALTH—No. 16156

The Department of Mental Health has appealed from the order of the trial court denying the department's motion to intervene of right. Such an order is appealable. *State ex rel. Reser v. Martin*, 576 S.W.2d 289, 290[1] (Mo. banc 1978).

If it be assumed, arguendo, that the department had a right to intervene, a matter which need not be decided, Rule 52.12(a) requires a "timely application" for intervention. Here the motion to intervene was not filed until after the trial court entered its judgment. That is understandable, however, because it was the inclusion in that judgment of the portions now deleted which prompted the motion. The judgment, as amended by this court, is now in such form that the appeal of the department is moot and is, accordingly, dismissed.

It is so ordered.

MAUS and PREWITT, JJ., concur.