**STATE of Missouri, Respondent,**

v.

**Alvin Buddy MEIERS, Appellant.**

No. 51615.

Supreme Court of Missouri,
Division No. 1.

March 13, 1967.

J. Whitfield Moody, J. Arnot Hill, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

Norman H. Anderson, Atty. Gen., Jefferson City, C. H. Parsons, Jr., Sp. Asst. Atty. Gen., Dexter, for respondent.

HENLEY, Judge.

Defendant was charged by amended information as an habitual criminal with unlawful possession of narcotic drugs. Sections 556.280 and 195.020, RSMo 1959, V.A.M.S. Trial was before a jury on May 4 and 5, 1965. Before submission of the case to the jury, the court found that defendant had been convicted previously of a felony, sentenced and imprisoned therefor. The jury found him guilty and the court thereafter assessed his punishment at imprisonment for seven years. Defendant appeals from the ensuing sentence and judgment.

He was represented at the trial by counsel of his own choice. His counsel filed a motion for new trial; after this motion was overruled, sentence imposed and judgment entered, counsel filed a timely notice of appeal. On defendant's motion, he was permitted to perfect his appeal as a poor person and other counsel was appointed to represent him on appeal; he was furnished a transcript at the cost of the state. Counsel appointed by the court has filed a brief and presented oral argument in defendant's behalf. In addition to his counsel's brief, we have a brief prepared by defendant in which he raises points in addition to that raised by his counsel.

Defendant presented no evidence. The state's evidence showed that on January 6, 1965, Detectives Robert Jenkins, Donald Grasher and Leo Caulfield of the Narcotics Detail of the Kansas City, Missouri, Police Department, and Inspector Harold Leap of the U. S. Food and Drug Department, received information from one Charles Victor Osborne that defendant, Alvin Buddy Meiers, was in possession of certain narcotic drugs in the latter's apartment at 3220 Harrison Street, Kansas City, Missouri. Under authority of a search warrant issued by a Jackson county Magistrate these four officers, in the presence of defendant and his girl friend, searched defendant's apartment on the afternoon of January 6, and found and seized nine-tenths of a gallon of paregoric containing morphine and opium, and one hundred thirty-eight tablets and capsules containing a codeine compound, a derivative of opium. Defendant was served with a copy of the warrant, arrested and taken to police headquarters.

We quote the one point relied on in the brief and argument of defendant's counsel: "The court erred in receiving evidence from the police officers of defendant's incriminating oral statements when it appeared that before questioning him they had not informed him that any statement he might make could be used against him. In receiving such evidence the defendant was denied rights guaranteed him by the fifth and sixth amendments of the Constitution of the United States." No mention is made in argument of denial of his Sixth Amendment right to counsel, the argument being confined to denial of his Fifth Amendment right to remain silent.

The evidence to which defendant refers is the testimony of Inspector Leap and detectives Jenkins and Grasher regarding an occurrence in defendant's apartment during the search or immediately after all the narcotic drugs were found. Inspector Leap was asked whether he heard the defendant make any statements at the apartment. His reply was: "Yes, I heard Sergeant Jenkins ask him—ask Mr. Meiers if the drugs were his. I can't quote Mr. Meiers' answer verbatim, however, he indicated they were his and Sergeant Jenkins knew it or he wouldn't have been there, something to that effect." After this answer, defendant objected on the

sole ground that "The witness is stating a conclusion." The objection was over-ruled. No motion was made to strike the answer or to instruct the jury to disregard it on the grounds that this evidence should be excluded because defendant had not been informed by the officers of his right to remain silent or "that any statement he might make could be used against him." Detective-Sergeant Jenkins testified that during a discussion with defendant at the apartment "He [defendant] told me they [the narcotics] were his;" that defendant's exact words were: "You know they are mine, or you wouldn't be here." No objection was made to this testimony. The same testimony was elicited on cross-examination by defense counsel. Detective Jenkins further testified on cross-examination that he did not advise defendant of his right to remain silent before defendant made the above statement. Detective Grasher, in his testimony, related essentially the same statement made by defendant, without objection.

The only assignment of error in defendant's motion for new trial which conceivably might direct the trial court's attention to the one point briefed in this court by his counsel is: "The court erred in admitting over defendant's objections, irrelevant, immaterial and incompetent evidence and testimony." Defense counsel frankly admits in his brief and argument that no objection was made to this testimony at the trial; that this general assignment of error does not comply with Criminal Rule 27.20(a), V.A.M.R., and, therefore, preserved nothing for review. The state concedes that defendant was not advised by the officers of his right to remain silent, but contends that this point may not be considered because not preserved for review. Defendant contends, contra, we may, and should, consider and review the point under Criminal Rule 27.20(c), because manifest injustice and a miscarriage of justice has resulted from permitting these officers to relate to the jury this statement or admission of the defendant.

We are mindful of our Rule 27.20(c), commonly referred to as the "plain error rule," and cognizant of our recent case of State v. Beasley, Mo., 404 S.W.2d 689, 690 [2]. The circumstances in which the court applied that rule in *Beasley* are to be distinguished from the circumstances of this case. In *Beasley* an objection had been made to the admission in evidence of a signed statement of defendant on the ground that it was involuntary; the court held a hearing on the question of its voluntariness outside the presence of the jury and ruled that it was voluntary; an untimely motion for new trial was filed assigning the same question as error and the trial court had an opportunity to and did take up and hear the motion, and overruled it. In the instant case no objection was made at the trial to the admission in evidence of defendant's reply to the officer's question made in his home at the time of arrest; consequently, since no contention was made that his admission was involuntary, no hearing was held on its voluntariness. Also, as stated, defendant timely filed a motion for new trial, but he did not assign as error and call to the trial court's attention the point he now raises for the first time on appeal.

■ We do not construe State v. Beasley, supra, as holding that where, as here, the question of violation of rights under the fifth amendment to the federal constitution is raised for the first time on appeal we must and shall in every case abandon other time-tried and tested reasonable rules of trial and appellate practice to invoke, sua sponte, or at defendant's request, the plain error rule. Since its adoption we have invoked Rule 27.20(c) on a case to case basis to prevent "manifest injustice or miscarriage of justice," and we shall continue to do so where substantial rights are affected whether or not the error is " * * * raised in the trial court or preserved for review, or defectively raised or preserved * * *." But there must be a sound, substantial manifestation (not perceivable here), a strong, clear

showing, that injustice or miscarriage of justice will result if the rule is not invoked. We shall not invoke the rule in every case where it is claimed for the first time on appeal that this or similar state or federal constitutional rights have been violated, or for that matter, in every case where it may appear for the first time on appeal that such rights in fact have been violated.

■■■ Our rule is that constitutional questions must be raised in the trial court at the earliest opportunity consistent with orderly procedure; they may not be raised for the first time in the appellate court. The defendant in a criminal case, if he proposes to raise a question pertaining to the violation of such right, must object to the introduction of his confession or admission, clearly and specifically stating his constitutional grounds for the objection; otherwise, the introduction of his confession or admission will not be sufficient basis for an assignment of error in his motion for new trial. His motion for new trial must present and direct the trial court's attention to his trial objections by clearly stating with particularity his constitutional grounds. In other words, his constitutional grounds for objection must be kept alive and preserved throughout the case. State v. Smith, Mo., 310 S.W.2d 845, 850–851 [6–7]; State v. Johnstone, Mo., 335 S.W.2d 199, 207 [18–19]; Stembridge v. State of Georgia, 343 U.S. 541, 72 S.Ct. 834, 96 L.Ed. 1130; Michel v. State of Louisiana, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83. To abandon these rules would be to invite a defendant to sit back, elect not to object to his constitutionally inadmissible confession or admission, take his chances that the verdict might be acquittal; then, if the verdict is adverse, raise the question of denial of constitutional rights for the first time on appeal with some assurance that the case would be remanded. Only by adhering to these rules and decisions may we

prevent such tactics. However, failure of defendant to follow these rules of trial and appellate practice does not preclude our consideration of plain errors affecting substantial rights when we deem that manifest injustice or miscarriage of justice has resulted therefrom.

We decline to invoke Criminal Rule 27.20 (c) in this case. The point is ruled against defendant.

The two cases[1] cited by counsel in support of his one point are not applicable to the facts in this case for the same reasons as those stated in State v. Dixon, Mo., 411 S.W.2d 185 (Division One opinion handed down February 13, 1967).

■■■ Defendant, pro se, contends in his separate brief that constitutional rights of due process of law and equal protection of the laws were denied him, because: (1) the search warrant was illegally issued; (2) his arrest was illegal, because based on an illegal search warrant; (3) he was not accorded a preliminary examination; (4) the court was without jurisdiction, because he was not accorded a preliminary examination; (5) he was not accorded the right of confrontation of a witness against him; (6) the testimony of Detective Jenkins was perjured; and, (7) the second amended information was insufficient. None of these points were presented in his motion for new trial and, therefore, are not preserved for review. State v. Brookshire, Mo., 353 S.W.2d 681, 685 [10]; Criminal Rule 27.20, V.A.M.R. However, we review the sufficiency of the information whether or not the question of its sufficiency is presented in the motion for new trial. Criminal Rule 28.02, V.A. M.R.

■■■ We have examined the information; it is sufficient. Like informations were approved in State v. Virdure, Mo., 371 S.W.2d 196, 198–199 [1], and State v. Worley, Mo., 375 S.W.2d 44, 47 [8].

1. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

We note in defendant's brief, pro se, that he is " * * * aware of the existence of an eighth point namely, the ineffective assistance of [trial] Counsel and of his right to present such point * * *;" but, that he elects " * * * to stand upon the merits of the seven points presented * * *" in his brief.

Our examination of other matters we review under Rule 28.02 discloses no error.

The judgment is affirmed.

All concur.