**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles Bruce MILLER, Defendant-Appellant.**

**No. 11201.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 9, 1980.

---

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David R. Fielder, Springfield, for defendant-appellant.

PREWITT, Judge.

Defendant was found guilty of armed robbery after jury trial and was sentenced to five years imprisonment. He was charged with robbing a Vickers Service Station in Springfield, Greene County, Missouri, on December 9, 1976. On that evening, slightly after 8:00 o'clock, two males, one wearing a ski mask, entered the service station premises, showed the attendant a pistol and demanded money. After receiv-ing about $400.00, they left the premises and no immediate arrests were made. On January 14, 1977, defendant told two Joplin police officers that he was involved in a robbery in Greene County, before Christmas of 1976, at a Vickers Service Station. The Joplin authorities contacted the Springfield police department and on January 17, 1977, two Springfield police officers interrogated defendant in Joplin. They testified he ad-mitted to committing a robbery on Decem-ber 9, 1976 at the Vickers Service Station on south Glenstone in Springfield. He told them that he and another person had com-mitted the robbery and divided the money. Both the Joplin and Springfield police offi-cers testified that they had fully advised defendant of his constitutional rights before he made any statements. The statements were not reduced to writing. The Joplin police officers testified that defendant re-quested that they do nothing further except contact the Springfield police. The Spring-field police officers say they did not have a stenographer or the facilities to record it in Joplin and understood that defendant would be pleading guilty. The service sta-tion attendant could not identify defendant as being either of the two men who entered the station. Before trial, a motion to sup-press these oral statements was made; the trial court held a hearing on the motion, heard evidence, and overruled the motion.

Appellant has three claims of error. These are: 1. that the court erred in over-ruling defendant's motion to suppress be-cause defendant suffered from mental im-pairment and could not understand the *Miranda* warning, and the court erred in not making a determination that the confession was voluntary; 2. in overruling defendant's motion to strike the testimony of the Joplin police officers regarding the confession, as no evidence was produced showing that this confession related to this robbery; and 3. in overruling defendant's motion for judgment of acquittal as there was no evidence that linked appellant with the crime except for "an uncorroborated oral admission".

We first consider defendant's Point I. No objection was made on that basis

during the trial to the officers' testimony about defendant's statements, nor was this contention presented in defendant's motion for a new trial. Therefore, defendant has not preserved this point for our review. *State v. Howard*, 564 S.W.2d 71, 74 (Mo. App.1978). Objections to statements, allegedly given in violation of a defendant's constitutional rights, must be properly preserved and presented to the trial court. *State v. Meiers*, 412 S.W.2d 478, 481 (Mo. 1967); *State v. Wheat*, 573 S.W.2d 126, 128 (Mo.App.1978).

▮ Defendant's counsel on appeal, who did not represent defendant in the trial, urges us to review this point as plain error under Rule 27.20(c), V.A.M.R. Under that rule we may do so if we determine "that manifest injustice or miscarriage of justice has resulted therefrom." Although there was evidence that defendant was of low mentality, that did not in and of itself render the statements inadmissible. It was merely one factor, although a significant one, which would bear upon the question of voluntariness. *State v. Frazier*, 587 S.W.2d 368, 370 (Mo.App.1979). There was other evidence from which the trial court could have found that the defendant understood his constitutional rights. Where evidence is conflicting, the admissibility of a confession is in the discretion of the trial court. *State v. James*, 562 S.W.2d 185, 187 (Mo.App. 1978). We find no manifest injustice or miscarriage of justice in overruling the motion to suppress. Nor can we say that the failure to make an express finding that the statements were voluntary resulted in manifest injustice or a miscarriage of justice. It is obvious from the evidence and the court's ruling that he considered the confession to be voluntary and admissible. To allow defendant to now claim as error that no voluntary finding was made would invite like defendants to elect not to object on this ground, and if the verdict is adverse to thereafter raise the issue on appeal. This should not be allowed. *State v. Meiers*, supra, 412 S.W.2d at 478. Had this objection been presented to the trial court, it could have been considered, and if proper corrected. We determine that the failure to find that the statements were voluntary

and their admission in evidence did not result in manifest injustice or miscarriage of justice. No further reason or determination by us is necessary. *State v. Escoe*, 548 S.W.2d 568, 571 (Mo. banc 1977). While we could order this finding to be made while this appeal is pending, see *State v. Glenn*, 429 S.W.2d 225 (Mo. banc 1968), there is no plain error, and no purpose would be served in doing so. Point I is denied.

▮ Defendant's second point contends that the trial court should have stricken the testimony of the Joplin police officers, as their testimony regarding defendant's confession was not linked to this robbery. The officers testified that they had read and explained defendant's rights to him. Afterwards, he stated that he and others had committed a robbery in Greene County at a Vickers Service Station shortly before Christmas in 1976. Evidence is relevant if it tends to prove or disprove a fact in issue or corroborate evidence which is relevant and bears on the principal issue. *State v. Lee*, 556 S.W.2d 25, 31 (Mo. banc 1977). Questions of relevancy are left to the discretion of the trial judge whose ruling will be disturbed only if abuse is shown. Id. 556 S.W.2d at 32. The officers from Springfield established that the robbery that defendant referred to in talking to the Joplin police officers was the one that he is charged with here. Defendant contended that the statements were not made, or if so, that they were not voluntary, with understanding of his rights. The Joplin police officers' testimony tended to corroborate that the confession was voluntary and was made. We believe that this evidence tended to corroborate evidence which was relevant and thus was admissible. *State v. Johnson*, 539 S.W.2d 493, 512 (Mo.App. 1976), cert. denied, 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977). Point II is ruled against defendant.

▮ Defendant's third point claims the State failed to make a case against him because there was no evidence linking defendant with the robbery except for his oral admissions. There was no dispute that a robbery occurred, but there was no evidence

that this defendant participated in it, except the statements given to the Joplin and Springfield police officers. For the statements to be admissible, the corpus delicti must be proven, but that was proven by showing that the robbery was committed. Establishment of the identity of the accused as the robber is not required. *State v. Hawkins*, 165 S.W.2d 644, 646 (Mo.1942); *State v. Rickart*, 81 S.W.2d 309, 312 (Mo. 1935). Once evidence other than the defendant's confession shows that the crime was committed by someone, then the defendant's confession is admissible and if believed completes the case. *State v. Hardy*, 365 Mo. 107, 276 S.W.2d 90, 93 (banc 1955); *State v. Saussele*, 265 S.W.2d 290, 297–298 (Mo. banc 1954). Also see *United States v. Opdahl*, 610 F.2d 490 (No. 79–1577, 8th Cir. 1979), which holds that a confession to a proven robbery needs no corroboration of identity to be admissible and sustain a conviction. The crime had been committed. Therefore, the admissions of defendant were properly in evidence and made a submissible case for the jury to determine. Point III is ruled against defendant.

The judgment is affirmed.

TITUS, P. J., and FLANIGAN and GREENE, JJ., concur.