STATE of Missouri,
Plaintiff-Respondent,

v.

Arlen Bert BROWN,
Defendant-Appellant.

No. 11852.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 30, 1980.

Motion for Rehearing and for Transfer to
Supreme Court Denied Jan. 16, 1981.

Application to Transfer Denied
March 9, 1981.

John D. Ashcroft, Atty. Gen., Mark W. Comley, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Scott E. Walter, Jackson, for defendant-appellant.

PREWITT, Judge.

Defendant appeals from a conviction of driving while intoxicated, third offense. § 577.010, RSMo 1978. He was sentenced to one year imprisonment in the county jail.

Defendant contends that he was denied a fair trial because the prosecuting attorney's argument to the jury contained "inflammatory personal epithets" toward him. He also contends that the prosecutor improperly referred to another crime in the argument. No contention is made that the evidence was insufficient to support the conviction so we do not recite the evidence. There was substantial evidence of defendant's guilt.

Defendant complains of the following remarks made in the opening portion of the prosecutor's argument:

"Well, I'm going to ask you to send Arlen Brown to prison today and not for the reason that he committed four or five other crimes that night, not for the reason that he committed property damage and careless and imprudent driving and failing to stop at a stop sign, not for the reason that he caused $2,000.00 damage to a poor innocent victim in the town of Delta, Missouri, not for the reason that he spilled a thousand gallons of precious gasoline all over the street, not for any reason but one, and that is drunk drivers kill people. And because of that, they're no better than murderers."

No objections were made to that argument at the trial. In the closing portion of his argument, the prosecutor said that "drunk drivers kill people and for that reason they're no better than common murderers"; that prison was "appropriate" for defendant because he was "a person who went berserk, who went into a drunken rage" and "went careening down or north up Route N just like he was a kamikaze pilot". Defendant's objection to the comparison of drunk drivers with murderers was sustained. An objection was made to the reference to kamikaze pilots and the jury was instructed to disregard that remark. No other relief was requested. Defendant also

complains of the prosecutor stating in that part of the argument:

"[T]hank God there wasn't a school bus, or Route N would have been littered with the bloody corpses of a score of school children because of Arlen Bert Brown. Now, I dare say if Arlen Brown had set off a bomb in the street or a couple of sticks of dynamite, you wouldn't hesitate in sending him to prison."

No objections or request for relief were made at the trial because of those comments.

Defendant received the relief he requested and no other requests or objections were made. His present contentions are not preserved for our review. Objections to argument to the jury must be made at the time of the argument to preserve them for appellate review. *State v. Hatten*, 561 S.W.2d 706, 713 (Mo.App. 1978). Defendant's contentions should not be considered as to do so would allow him to not object, gamble on the jury verdict; and if it is adverse, to seek a new trial because of the argument. *State v. Miller*, 593 S.W.2d 895, 897 (Mo.App. 1980). See also *State v. Meiers*, 412 S.W.2d 478, 481 (Mo. 1967). Nor do we think that "plain error" review is appropriate here. The record convinces us that no "manifest injustice or miscarriage of justice has resulted." Rule 30.20, V.A.M.R.

The judgment is affirmed.

All concur.