**STATE of Missouri, Plaintiff-Respondent,**

v.

**Theodore Floyd GINNERY, Defendant-Appellant.**

No. 11661.

Missouri Court of Appeals, Southern District, Division One.

May 20, 1981.

John D. Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David Robards, Public Defender, for defendant-appellant.

GREENE, Presiding Judge.

Defendant, Theodore Floyd Ginnery, was charged by indictment with sodomy, a Class B felony, in violation of § 566.060.[1]  The particulars of the indictment recited that, during a period from January 1, 1979 to July 20, 1979, defendant had deviate sexual intercourse with T. G.,[2] a child under the age of 14 years, to whom defendant was not married. Deviate sexual intercourse is defined in § 566.010.1(2) as any sexual act involving the genitals of one person, and the mouth, tongue, hand or anus of another person. Defendant pled not guilty by reason of mental disease or defect excluding responsibility and filed notice of intent to rely on such defense. A jury found the defendant guilty as charged, and he was thereafter sentenced 15 years' imprisonment by the trial court in accordance with the jury verdict. This appeal followed. We affirm.

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978.

2. In order to protect the privacy of the minor-victim, only her initials shall be used in this opinion.

On appeal, defendant relies on a single point, which is that the trial court committed plain error in "not granting appellant a new trial in that the verdict of the jury that appellant was not suffering from mental disease or defect was against the greater weight of the evidence." In the argument portion of his brief, however, he claims two trial court errors, one of which is stated above, and the other being that the trial court committed plain error in allowing the state, in its closing argument, to "disbarge" the law concerning mental disease or defect by stating that the law of mental disease or defect would release the defendant in a short time.

The facts of this case are simple. The victim, ten years old at time of trial, is the daughter of the defendant. She testified that from the time she was seven years old until some time in July of 1979, at which time she was ten, defendant had sexually abused her. He had sexual intercourse with her on a number of occasions. He also performed acts of sodomy upon her, with the last such act occurring a "couple of weeks" before July 23, 1979, at which time defendant made the little girl "suck on his penis." She said she learned the word penis from her father. The child was removed from the family home on July 23, 1979, and placed in foster care.

After defendant was arrested for investigations of rape and sodomy, he was questioned by David Carlton, an investigator for the Jasper County prosecuting attorney, Bobbie Roberts, an investigator for the city of Joplin, and John LaBlank, a Jasper County juvenile officer, at which time defendant, in the presence of the three officers, admitted that he had had the little girl "kiss him on the penis." At trial, defendant offered no evidence on the issues of corpus delicti or criminal agency, but did offer evidence on the mental disease or defect issue.

## THE MENTAL DISEASE OR DEFECT ISSUE

On this point, defendant contends that since the jury found defendant guilty of sodomy, it also found that he was not suffering from a mental disease or defect excluding responsibility. He argues that such a finding is against the weight of the evidence, for the reason that defense witness Dr. Turfboer, a psychiatrist, diagnosed defendant as having a psychopathic personality; that psychopathic personality is a condition of the mind which manifests itself by an inability or impairment to use internal controls to refrain from criminal behavior and, therefore, defendant was not guilty by reason of mental disease or defect excluding responsibility. Examination of the record and of the law reveals several holes in this legal argument.

Defendant failed to move for judgment of acquittal at the close of all the evidence, and also failed to state, with specificity, in his motion for new trial, why the jury verdict was "against the weight of the evidence." This is a violation of Rules 27.07 and 29.11(d), and as such, precludes consideration of the point. *State v. Spraggins*, 368 S.W.2d 407, 413 (Mo.1963). Defendant urges us to review the point under the plain error doctrine. Rule 30.20 permits such review if the record discloses plain error affecting defendant's substantial rights that result in manifest injustice or a miscarriage justice. We have reviewed the record and find no error on the part of the trial court, plain or otherwise, on the point in question. A claim of error for the reason that a jury's verdict in a criminal case is "against the weight of the evidence" is not reviewable by an appellate court. *State v. Downs*, 593 S.W.2d 535, 542 (Mo.1980). The appropriate standard of review is whether there was substantial evidence to support the verdict. *State v. Williams*, 600 S.W.2d 120, 122 (Mo. App.1980).

Section 552.030.7 expressly provides that:

"All persons are presumed to be free of mental disease or defect excluding responsibility for their conduct.... The issue of whether any person had a mental disease or defect excluding responsibility for his conduct is one for the jury to decide upon the introduction of substantial evidence of lack of such responsibili-

ty. . . . Upon introduction of substantial evidence of lack of such responsibility, the presumption shall not disappear and shall alone be sufficient to take the issue to the jury."

■ Dr. Turfboer's testimony does not conclusively establish that, in his opinion, defendant, at the time of the act in question, was suffering from mental disease or defect excluding responsibility. Even if it did, such testimony was still subject to being rejected by the jury, in which case the statutory presumption would be sufficient for the jury to find that defendant was not suffering from claimed mental disease or defect. *State v. Dalton*, 587 S.W.2d 644, 646 (Mo.App.1979); *State v. West*, 575 S.W.2d 257, 258 (Mo.App.1978). The presumption alone was substantial evidence to sustain the jury finding on this issue. The point is denied.

### THE PROSECUTING ATTORNEY'S CLOSING ARGUMENT

■ For his final point, defendant contends that the trial court committed plain error in allowing the state, in its closing argument, "to *disbarge* the law concerning mental disease or defect by stating that the law of mental disease or defect would release the appellant in a short time." We do not understand what is meant by the word "disbarge." No such word appears in any standard dictionary, and we do not have knowledge of any colloquial usage of such a term. We assume that defendant means to disparage, which means to belittle, or slight. The prosecutor's remarks in his final closing argument were in response to earlier remarks by defendant's trial counsel who, in his final argument, said, in commenting on Dr. Turfboer's testimony,

"That's what Dr. Turfboer said, and Dr. Turfboer said this type of therapy is available in mental institutions on a long term basis. So, it is not inconsistent for Dr. Turfboer to say that Ted does not need to be hospitalized for ten or twelve weeks between the examination and the trial, but he needs to be hospitalized now, on a long term basis.

And, if you find Ted not guilty by reason of mental disease or defect, this is exactly what will happen with Ted. He will be hospitalized in a mental institution on a long term basis where he can receive the type of therapy that he needs. This is what we need to do for Ted."

In his final close, the prosecuting attorney stated:

"Finally, I asked him [Dr. Turfboer] if there was any evidence from his evaluation toward his detainment in a psychiatric hospital facility and he said, 'No.' That appears in his report. I'm frankly confused by that. If he didn't think there was any evidence back in August to get him off the streets into a hospital facility, well, I don't know how that has changed. We're talking about a few months, and Mr. Hamilton talks about a long term basis hospitalization. Well, I think a long term basis is correct, five to fifteen years. About 180 days in a mental institution isn't what I call long term hospitalization."

Defense counsel then objected, saying that he believed "the prosecutor is misstating the instructions." The trial court sustained the objection. Defendant did not request that the jury be instructed to disregard the remarks of the prosecutor, and did not request a mistrial. By failing to request a mistrial, defendant has not preserved the point for review. *State v. Durham*, Mo., 367 S.W.2d 619, 624, cert. denied, 375 U.S. 861, 84 S.Ct. 130, 11 L.Ed.2d 89 (1963).

■ Plain error review of the point under Rule 30.20 is not justified. The granting or withholding of a new trial because of improper argument is a matter of discretion with the trial court, and its judgment on that issue will not be interfered with at the appellate level unless the appellate court finds that the trial court abused its discretion. *State v. Turley*, 518 S.W.2d 207, 211 (Mo.App.1974). The trial court certainly did not abuse its discretion in sustaining defense counsel's objection. Defendant, however, contends that the trial court should have, sua sponte, declared a mistrial because of the remark in question. A mis-

trial is a drastic remedy, and should only be granted in extraordinary circumstances. *State v. Morgan*, 592 S.W.2d 796, 808 (Mo. 1980).

The trial judge has a right, of course, to order a mistrial, or to grant a new trial on its own motion, in cases where a prosecutor's argument is so highly improper, vicious, and prejudicial that the effect of such argument denies defendant a fair and impartial trial. *State v. Rhoden*, 243 S.W.2d 75, 78 (Mo.1951). Such is not the case here.

The trial court was aware of the problem, and addressed it at the time of the hearing on the motion for new trial, when the following exchange occurred:

"Mr. Hamilton: I would say that it is shown that Mr. Mitchell ignored Instruction No. 10 entirely in his argument.

The gist of his argument was he would be hospitalized for a little while and he would be released to prey on little girls.

The Court: This isn't the way I instructed the jury, and as I say, every objection that was made in his argument, I sustained. I recorded every relief that was requested. I further just don't believe the jury was confused or misled by it. I think they clearly understood that if the defendant was found not guilty by reason of mental disease or defect, he would be committed to the State Division of Mental Health and kept there until the Court gave an order to permit him to be released.

I feel like that there is no error here. There is no misleading the jury or no—nothing prejudicial to the defendant. Defendant prays further; prosecutor got away from the correct statement of law, and you objected, and I sustained the objection to correct it. So, I do not feel the motion for new trial should be sustained and I will show it overruled."

We agree with the reasoning expressed by the trial court on this issue. The point is denied.

The judgment is affirmed.

All concur.