STATE of Missouri,
Plaintiff-Respondent,

v.

Gregory A. DICKERSON,
Defendant-Appellant.

No. 12784.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 7, 1983.

Motion for Rehearing Overruled and to
Transfer to Supreme Court Denied
Jan. 31, 1983.

Application to Transfer Denied
March 29, 1983.

John D. Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

J. Armin Rust, Regional Public Defender, Lexington, William F. Weigel, Asst. Public Defender, Columbia, for defendant-appellant.

PREWITT, Judge.

Appellant was convicted of robbery in the second degree and sentenced to eight years' imprisonment. He presents two points for our review.

He contends in his first point that the trial court erred in giving a modification of MAI–CR 2d 2.60, advising the jury of the punishment it may assess or recommend if they found appellant guilty of stealing. The jury was given separate instructions submitting first degree robbery, second degree robbery and stealing. Appellant was not convicted of stealing or first degree robbery.

If the instruction stating the punishment for stealing was erroneous, appellant was not prejudiced as he was not convicted of stealing. There is no prejudicial error

when the jury is not correctly advised of the range of punishment for an offense but the defendant is not convicted of that offense. *State v. Pitchford,* 556 S.W.2d 57, 59 (Mo.App.1977); *State v. Morse,* 514 S.W.2d 375, 377 (Mo.App.1974). Appellant's point one is denied.

For his second point appellant contends that the trial court erred in not granting him relief because of certain remarks of the prosecuting attorney. During the prosecutor's closing argument the following occurred:

> [ROBERT L. PAYNE, Prosecuting Attorney:] "May it please the Court, Mr. Scott has given to you an accurate and almost scholarly lecture on the rights of the defendant. He has outlined to you that the defendant has the right to have the State prove its case beyond a reasonable doubt and he has told you that the defendant has the right to have every one of you agree, that it requires a unanimous verdict. As you know, the Supreme Court and our founding fathers have given other rights to the defendant. He has the right to counsel. He has the right in this case not to testify—all these rights this man has. This is our law. This is our government. I don't have any arguments with those, but what rights does that lady back there have—does she have none?
>
> She has one right. She has the right, after she has been treated the way she has, to come into this courtroom and when she gets up there on the stand she has the right to be believed—
>
> MR. SCOTT [Appellant's Attorney]: I object. Improper closing argument, misstatement of the law.
>
> THE COURT: Sustained.
>
> MR. SCOTT: Would you instruct the jury that that is improper?
>
> MR. PAYNE: They don't have to believe her. They are to judge her testimony. She has a right to be believed.
>
> MR. SCOTT: She does not have the right to be believed over the defendant. I object.
>
> THE COURT: The jury will remember the evidence."

Appellant now contends that the trial court erred in not instructing the jury to disregard the remarks or grant a mistrial. Neither request was made during the argument. Appellant's counsel did ask that the jury be instructed that the argument "is improper". Even if we assume that appellant was entitled to have the judge inform the jury that the argument was improper, the court obviously indicated that when it sustained the objection.

The contentions appellant now advances were not preserved for review. Request for relief from improper argument must be timely made to preserve them for appellant review. *State v. Brown,* 611 S.W.2d 301, 302 (Mo.App.1980). By failing to request a mistrial, appellant has not preserved that contention for review. *State v. Ginnery,* 617 S.W.2d 117, 120 (Mo.App.1981). A party cannot fail to request relief, gamble on the verdict, and then if adverse, request relief for the first time. *State v. Meiers,* 412 S.W.2d 478, 481 (Mo.1967); *State v. Brown, supra,* 611 S.W.2d at 302; *State v. Miller,* 593 S.W.2d 895, 897 (Mo.App.1980). Plain error review under Rule 30.20 is not appropriate as on the record before us we cannot state that manifest injustice or miscarriage of justice resulted. See *State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982); *State v. Johnson,* 615 S.W.2d 534, 540 (Mo.App.1981). Point two is denied.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.