**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael Ernest FANNING,
Defendant-Appellant.**

No. 12620.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 1, 1983.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied
Feb. 22, 1983.

Application to Transfer Denied
March 29, 1983.

John D. Ashcroft, Atty. Gen., George Cox, Carrie D. Francke, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

William A. Moon, Richard W. Moon, Moon, Moon & Moon, Springfield, for defendant-appellant.

PREWITT, Judge.

By jury trial, appellant was convicted of burglary, attempted robbery, and three counts of assault. During the rebuttal portion of the state's closing argument the transcript shows that the following occurred:

[DAVID GEISLER, prosecuting attorney:] "Now, my personal opinion as to whether or not he's guilty, that doesn't mean a thing, because I have not testified in this case. But Mr. Moon gave his opinion, and I'm going to give you mine. The son-of-a-bitch (indicating) is guilty as hell.—

MR. W. MOON: —If the Court please, I object to the use of the vulgar slang language in this Court Room by the Prosecutor—

MR. GEISLER—I apologize, Your Honor.—

MR. W. MOON: —to the jury, the Court, and the witnesses, and the people in the Court Room.

THE COURT: Well, Mr. Geisler has apologized. I accept your apology, Mr. Geisler."

Appellant now contends that the trial court erred in failing to declare a mistrial because of the prosecutor's comments.* This contention was not presented for appellate review. No request for mistrial was made on this ground during the trial.

Requests for relief from improper argument must be timely made to preserve them for appellate review. *State v. Brown,* 611 S.W.2d 301, 302 (Mo.App.1980). By failing to request a mistrial appellant has not preserved his point for review. *State v. Ginnery,* 617 S.W.2d 117, 120 (Mo.App.1981). A party cannot fail to request relief, gamble on the verdict and then if adverse, request relief for the first time. *State v. Meiers,* 412 S.W.2d 478, 481 (Mo.1967); *State v. Brown,* supra, 611 S.W.2d at 302; *State v. Miller,* 593 S.W.2d 895, 897 (Mo. App.1980).

---

* As respondent admitted in oral argument the remarks were improper. See *State v. Stockbridge,* 549 S.W.2d 648, 651 (Mo.App.1977). See also *State v. Newlon,* 627 S.W.2d 606, 616–617 (Mo.banc 1982). Respondent's brief termed them "regrettable", but "clearly inadvertent, as evidenced by Mr. Geisler's rapid apology." Whether the trial court should have granted a mistrial if a timely request had been made we do not decide.

Plain error review under Rule 30.20 is not appropriate as we cannot say from the record that manifest injustice or miscarriage of justice resulted. See *State v. Newlon,* 627 S.W.2d 606, 616 (Mo.banc 1982); *State v. Johnson,* 615 S.W.2d 534, 540 (Mo. App.1981).

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.