STATE of Missouri,
Plaintiff-Respondent,

v.

Russell Eugene COOPER,
Defendant-Appellant.

No. 13500.

Missouri Court of Appeals,
Southern District,
Division Two.

July 17, 1984.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Sidney T. Pearson, III, St. James, for defendant-appellant.

PREWITT, Chief Judge.

A jury found defendant guilty of forcible rape, § 566.030.1, RSMo Supp.1982 and he was sentenced to 20 years' imprisonment.

Defendant contends in his first point that the trial court erred in overruling his motion for judgment of acquittal because the only evidence offered by the state was the testimony of the complaining witness and her testimony was inconsistent and contradictory.

In reviewing a contention that the evidence was insufficient to establish the crime charged we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Ogle*, 668 S.W.2d 138, 139 (Mo.App.1984). The testimony of a witness complaining of a rape is sufficient to sustain a conviction without other corroboration unless that testimony is so contradictory, or in conflict with physical facts, surrounding circumstances, and common experience as to be unconvincing. Id.

Defendant contends that the witness's testimony was inconsistent and contradictory because she testified that they "struggled", but she suffered no injury, her clothing was not torn and no furniture was broken. He also asserts that as he and his brother had done yard work for the complaining witness and the man she lived with for two or three months about a year and a half before the incident she should have remembered his name and could have identified him to the police, but did not.

Intercourse was admitted. The only question was whether it was accomplished by force. We do not believe it was inconsistent with her testimony that the struggle did not injure her, tear her clothes, or damage any furniture. The complaining witness was 63 and defendant was 19 and she said he was much stronger than she. The struggle consisted of her trying to get away, but he held her by the arm, and then threatened to use a knife on her, and threatened to knock her out.

She said it was through fear of being hurt that she did not resist more. The struggle occurred in a small hallway and the only furniture located there was a clothes hamper. Although the man she lived with had left for work a few minutes before defendant arrived, she called out for him as if he was still in the house, in an effort to frighten defendant away.

She stated that defendant had only worked in their yard for two or three days a week for about two months over a year before that and between the time he worked and the rape occurred, several other persons had worked in the yard. She said that most of the time defendant had been working in her yard she was working and not there and did not know his name.

In many respects her testimony was corroborated by defendant. They agree that he entered her house under the pretense of using the phone to make a call, saying that his car had broken down nearby. When he

testified he admitted that he did not have a car. After attempting to use the phone they both say he asked if he could use the restroom and she replied, "You sure ask for a lot", and then he said, "I could ask for some pussy." When that happened they agree that she asked him to leave, but he did not, and he put his hand on her and she jerked to get away. Defendant admitted that she called out for the man she was living with and that he told her he had a knife.

Defendant also contends that her testimony fails because a police officer who testified as a witness for defendant said that she told him she tried to get out the back door but there was "no struggle because she knew he was stronger than her." This witness did not testify as a part of the state's case and the jury may not have been convinced by his testimony that the complaining witness's testimony was incorrect. What is a "struggle" may be subject to differing interpretations. Being upset she might not have clearly related her attempt to get away, or the officer may not have considered that to be a struggle, or it might not have been recalled by the officer.

We conclude that her testimony was not inconsistent and contradictory, and was sufficient to support the state's case. Defendant's first point is denied.

Defendant's remaining point contends that the trial court erred in not ordering a mistrial even though none was requested, when the prosecutor asked for a specific term of punishment for the first time in the rebuttal portion of his closing argument, because defendant did not mention specific punishment in his closing argument.

As defendant acknowledges in this point, no objection or request on this ground was made at trial nor in the motion for new trial. Requests for relief from improper argument must be timely made to preserve them for appellate review. *State v. Fanning*, 647 S.W.2d 177, 178 (Mo.App. 1983). By failing to request a mistrial defendant has not preserved this point for review. Id. A party cannot fail to request

relief, gamble on the verdict, and then if adverse, request relief for the first time. Id.

The record does not support defendant's contention and no manifest injustice or miscarriage of justice resulted. Therefore, we decline to review this point as plain error. Rule 30.20.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.