STATE of Missouri, Respondent,

v.

Patty WINN, Appellant.

No. 51792.

Missouri Court of Appeals,
Eastern District,
Division One.

April 7, 1987.

Motion for Rehearing and/or
Transfer Denied
May 12, 1987.

Application to Transfer Denied
June 16, 1987.

Holly G. Simons, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of robbery in the second degree for an incident occurring outside the Marriot Hotel in downtown St. Louis and burglary in the first degree and stealing over $150 for an incident occurring inside the Clarion Hotel. She was sentenced to five years' imprisonment for the robbery, a consecutive five years' imprisonment for the burglary, and a concurrent one year's imprisonment for the stealing. We affirm.

On October 25, 1985, Gordon Warner and Melvin Hillman were visiting St. Louis for the twentieth anniversary of the completion of the Arch. They had participated in the construction of the Arch. That evening they had dinner at the home of a former co-worker on the project and left around midnight to return to their room at the Clarion Hotel. They were starting to get ready for bed when they decided they were thirsty. Each man had emptied his pockets, including his money, onto a dresser.

Hillman, a 78 year old retiree living in Florida, left the room looking for a soda machine. As he walked through the hallway, he was approached by two black women, apparently prostitutes, who solicited

him. One of the women, later identified as co-defendant Sheila Edmonds, wore a blonde wig. The second woman, later identified as defendant, had a dark wig.

The women grabbed Hillman by the arms. He began kicking at the door to his room. Warner opened the door. Defendant went past Warner into the room. Edmonds acted as a diversion by remaining near the doorway inside the room, making sexually suggestive remarks to Warner and touching his leg. By the time Hillman was able to get past Warner and Edmonds, defendant was leaving the room and called from the elevator for Edmonds to come with her. Edmonds indicated she'd leave if Warner walked her out. Edmonds, escorted briefly by Warner, left and went to the elevator. The whole incident lasted only a couple of minutes.

Hillman and Warner discovered their money was missing from the top of the dresser within the room. Warner was missing $150 and a money clip. Hillman was missing $229 in cash, credit cards, a driver's license and a money clip. They notified the night manager who called the police. A hotel employee found Warner's money clip, without money in it, in the elevator.

Later that evening, the St. Louis police asked the two men to view a lineup. Each identified defendant as the woman with the dark hair and Edmonds as the woman with the blonde hair. Police later recovered Hillman's credit cards inside an ashtray near one of the hotel elevators.

Shortly after the incident at the Clarion, Gary Thomas arrived outside the Marriot Hotel in downtown St. Louis in his van. As he was getting out of his van, he was approached by a woman in a red sweater. He later identified this woman as Edmonds. Edmonds solicited him for a "date," and began rubbing his leg. He indicated he was not interested and turned to retrieve an alarm beeper from his van. As he did so, Edmonds grabbed his wallet. Thomas turned to face her and a struggle ensued over the cash which was then in Edmonds' hands. Edmonds told him her girl friend had a gun and would "blow [his] head off." At that point, a second woman appeared

wearing a "tiger" colored sweater, but Mr. Thomas did not see a gun. Edmonds kicked Mr. Thomas in the groin area. The second woman, later identified as defendant, hit him with a high-heeled shoe. Both women then fled on foot. Thomas started to pursue them but fell over a garbage can and lost his boot. He returned to his van and began driving through downtown St. Louis looking for the women or a police officer.

Thomas gave his description of the two women to the police. The police realized the description was similar to those provided in the Clarion Hotel incident. The women were apprehended. Thomas returned to the police station where he viewed a lineup and identified defendant and Edmonds. Defendant presented no evidence.

■ Defendant asserts the robbery count was not submissible because there was no evidence the force used was for the purpose of overcoming resistance to the taking of victim's property. Furthermore, defendant claims there was no evidence that she intended to promote or further the commission of the robbery. In determining the sufficiency of the evidence, we consider the evidence in the light most favorable to the State. *State v. Garrett*, 627 S.W.2d 635, 642 [17] (Mo.banc 1982). All contrary evidence and inferences will be disregarded. *State v. Williams*, 623 S.W.2d 552, 553[2] (Mo.1981). This point is not well taken.

Edmonds grabbed Thomas' wallet. Thomas grabbed Edmonds by the hands. Thomas demanded his money back and Edmonds told him that if he did not let go her girl friend would "blow [his] head off." Then Thomas heard a voice saying something to the effect of I have a gun or yes I will blow your head off. Thomas released Edmonds. But when he turned and observed defendant had no gun, he again grabbed Edmonds and told her to give back his money. Edmonds yelled for defendant to "Beat him. Beat him. Beat him off me." At that point, defendant began beating the victim with her high-heeled shoe.

■ Affirmative participation in a crime may be shown by circumstantial evidence. *State v. Mendoza*, 661 S.W.2d 672,

674 [1] (Mo.App.1983). The evidence shows that defendant and Edmonds were partners in the crime. Defendant was present at the scene of the crime, helped prevent a robbery victim from recovering his money, and fled on foot with Edmonds. There was ample evidence of defendant's association with Edmonds before, during and after the commission of the crime.

Defendant's other claim on appeal is two-fold. First, joinder of the robbery offense with the burglary and stealing offenses was improper. Second, defendant was substantially prejudiced by having the three offenses tried together. Although defendant did object at trial to the joinder and filed a motion to sever, this issue was not presented in the motion for new trial. Accordingly, defendant has failed to preserve this claim for appellate review. Rule 29.11(d). As is our prerogative, we decline to review for plain error. Rule 30.20. *See State v. Jackson,* 706 S.W.2d 575 (Mo.App. 1986); *State v. Cooper,* 673 S.W.2d 848 (Mo.App.1984); and *State v. Inman,* 657 S.W.2d 395 (Mo.App.1983).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.