**STATE of Missouri, Respondent,**

v.

**Robert L. PARGO, Appellant.**

No. 24933.

Missouri Court of Appeals,
Southern District,
Division One.

July 17, 2003.

Amy M. Bartholow, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Dora A. Fichter, Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Robert L. Pargo ("Appellant") appeals his conviction and sentence after a jury trial for three counts of robbery in the first degree pursuant to section 569.020 [1], one count of robbery in the second degree

---

**1.** Statutory references are to RSMo 2000, unless otherwise set out.

pursuant to section 569.030, and one count of attempt to commit robbery in the second degree pursuant to section 564.011. The Circuit Court of Greene County sentenced Appellant on Count I, robbery in the second degree, to 10 years imprisonment; on Count II, robbery in the first degree, to 20 years imprisonment; on Count III, robbery in the first degree, to 15 years imprisonment; on Count IV, attempt to commit robbery in the second degree, to 3 1/2 years imprisonment; and Count V, robbery in the first degree, to 15 years imprisonment, with the terms to run consecutive to any existing sentence and concurrent to each other.

During trial court proceedings, Appellant made two motions to sever Count II of the indictment, involving allegations of robbery of a Best Western Motel in Springfield, Missouri, from Counts I, III, IV, and V of the indictment, involving a string of alleged robberies and an attempted robbery of Git–n–Go convenience stores in the Springfield area.

Appellant argued that the robbery alleged in Count II of the indictment was perpetrated on a different day, was not a part of the sequence of the Git–n–Go robberies, and was "with a set of facts unrelated to the other offenses . . . ." The State responded that the robberies alleged in the indictment were committed within 24 hours of each other; were completed during the early morning hours; were perpetrated by a black male of the same approximate age; were conducted with similar language regarding "big bills", "large bills", or "big bucks"; and were all admitted to by Appellant. The trial court expressly denied both of Appellant's motions for severance.

After a jury trial, Appellant was convicted on all counts of the indictment. Appellant filed a motion for new trial, which the trial court denied. This appeal follows.

■ In Appellant's sole Point Relied On, he contends the trial court abused its discretion in denying defense counsel's motion for severance and in failing to sever the charge and trial of Count II, the Best Western robbery, from Counts I, III, IV and V, the robberies and attempted robbery of the Git–n–Go convenience stores. He maintains the trial court's ruling violated his state and federal constitutional rights to due process and a fair trial.

We note, however, that in Appellant's motion for new trial he alleged:

[t]hat the trial court erred in submitting Count II to the jury as the witness, Ronald Wiley, testified that the perpetrator was clean shaven and had bare arms, while the testimony of the arresting officers indicated that [Appellant] had a full gotee [sic] and had tatoos [sic] on both arms, and such an inconsistent testimony between the perpetrator and [Appellant] amounted to insufficient evidence against [Appellant] that would justify sending Count II to the jury, and as such, violated [Appellant]'s rights to a fair trial and due process as provided by the 6th and 14th Amendments to the United State's Constitution and Article I, Sections 18(a) and 22(a) of the Missouri Constitution.

■ In spite of Appellant's arguments that he preserved this issue, we find nothing in Appellant's motion for new trial or the oral arguments regarding that motion, as revealed by our review of the transcript, that makes reference to the trial court's ruling on the motion to sever the charges. Thus, Appellant has failed to preserve this claim for appellate review. Rule 29.11(d);[2] *State v. Winn*, 729 S.W.2d 585, 588 (Mo. App.1987). Furthermore, the record does

---

**2.** Rule references are to Missouri Court Rules (2001).

not support Appellant's contentions. *See State v. Spencer*, 62 S.W.3d 623, 625–26 (Mo.App.2001). No manifest injustice or miscarriage of justice resulted. Therefore, we decline to review this point as plain error. *State v. Cooper*, 673 S.W.2d 848, 850 (Mo.App.1984); Rule 30.20.

Appeal dismissed.

MONTGOMERY, P.J., and GARRISON, J., concur.